THE TEXAS COMPANY v. LOIS GIBSON ET AL.

No. 7048.   Decided May 18, 1938.
Rehearing overruled June 22, 1938.
(116 S. W., 2d Series, 686.)

*Davis, Avery & Wallace,* of Center, and *Wm. K. Hall,* of Houston, for plaintiff in error.

On the question of the argument of counsel being improper. Eastern Texas Elec. Co. v. Rhymes, 1 S. W. (2d) 688; Fidelity Union Casualty Co. v. Cary, 25 S. W. (2d) 302; McFaddin v. Hebert, 15 S. W. (2d) 213.

*E. B. Lewis,* of Center, for defendant in error.

MR. JUDGE TAYLOR delivered the opinion for the Commission of Appeals, Section B.

1   The opinion of the Court of Civil Appeals affirming the judgment of the trial court in favor of defendants in error, fully and clearly states the nature and result of the case and the holdings of that Court on the questions involved. 88 S. W. (2d) 757.

We are in accord with all of the holdings except the one relating to the argument of counsel for defendants in error. It is not necessary to set out the argument in full. That which is most flagrantly erroneous contrasts the "wealth" and "great power" of the defendant company with the poverty of plaintiffs (husband and wife), referred to the husband as "a country boy," and "one of the boys here," saying among other things, that the jury should not render a verdict for plaintiffs "because they [the company] have got all the money behind them, and because they are one of the biggest corporations in the country," saying further, "Don't do that; and don't render a verdict in favor of my client because he is one of the boys here, and has no money, as the proof shows." While the jury were requested to "render that verdict which you think is right and fair to a fellow man," and not to render a verdict for plaintiffs on account of the matters referred to, the contrasting of the litigants with respect to wealth and power was made in such fashion as was calculated to influence the jury by arousing a prejudice against the company and creating a bias in favor of plaintiffs. A question on voir dire inquiring whether the prospective jurors in arriving at their verdict would render the same character of verdict that they would if the parties to the suit were individuals, one suing the other, and later comment by defendant's counsel upon the affirmative answers given, while warranting a proper reply by opposing counsel, could not rightly be seized upon as provocation to contrast the "wealth and great power" of the corporate defendant with the poverty of their clients in the language indicated above. The cause must be reversed and remanded for another trial. Woodward v. Texas & P. Ry. Co., 126 Texas 30, 86 S. W. (2d) 38.

**2** We need not determine whether the other argument set out in the opinion of the Court of Civil Appeals would, without more, constitute reversible error. Certainly it verges dangerously near to telling the jurors the legal effect of their answers to issues numbers 13 and 14. It was not proper in connection with the statement of plaintiff's counsel that defendant knew the first 12 issues would be answered "yes," to further state that defendant had "slipped" the jury "a few little defensive issues" (13 and 14) to "mislead" it and cause it to arrive at a verdict 'it did "not want to arrive at"; that issues 13 and 14 were the "trick" in the case and that these issues only should be answered "no."

**3** It appears that counsel for defendant in advance of the argument of the case, procured in open court the consent of the trial court to be allowed exceptions to inflammatory argument

which they anticipated counsel for plaintiffs would make, without the necessity of interrupting counsel by objecting to the argument. Such procedure is not proper. Counsel, in the event he desires an exception to opposing argument, cannot thus relieve himself of the duty of making objection at the proper time, nor can the trial court properly adopt the requested procedure. The court in most instances can prevent harmful results from improper argument, but can more easily do so, and with less likelihood of having his action misinterpreted by the jury as indicating his view of the merits of the case, if counsel is reprimanded and the jury is instructed, at the time the argument is made, and in response to a timely objection. Such procedure is more conducive to a fair and orderly trial on the merits of the case than the procedure apparently agreed upon in the present case.

For the error pointed out with respect to improper argument the judgments of the trial court and Court of Civil Appeals are reversed and the cause is remanded.

Opinion adopted by the Supreme Court May 18, 1938.

Rehearing overruled June 22, 1938.