**SIMS et ux. v. DALLAS RY. &
TERMINAL CO.**

No. 12813.

Court of Civil Appeals of Texas. Dallas.
Dec. 9, 1939.

Robert L. Hurt and W. F. Clark, both of Dallas, for appellants.

Burford, Ryburn, Hincks & Charlton and W. M. Taylor, Jr., all of Dallas, for appellee.

LOONEY, Justice.

Appellants, Raymond L. Sims and his wife, Verna Sims, brought this suit against appellee Company to recover damages for alleged accidental injuries suffered by Mrs. Sims, while a passenger on one of appellee's buses, due to the alleged negligence of the operator of the bus in suddenly bringing the same to a stop, throwing Mrs. Sims forward off her seat onto the floor, causing the personal injuries for which recovery of damages was sought. Appellee answered, denying appellants' allegations, and plead specially that, if there was any

unusual movement, jerk, or jolt of the bus, injuring Mrs. Sims as alleged, the same was caused by the act of some unknown third party driving an automobile against the rear end of the bus. At the conclusion of the evidence, the court instructed a verdict in favor of appellee; judgment was rendered accordingly, to which appellants excepted, gave notice of, and perfected this appeal.

The case is before us on one assignment of error, complaining of the action of the court in directing the verdict. The case will turn largely on the applicability, whether or not, of the doctrine of res ipsa loquitur, and this, in turn, will depend upon whether or not appellants based their cause of action on specific acts of negligence, or upon allegation of a general nature.

We think it must be conceded that, if the allegation had been simply that, while a passenger on appellee's bus, Mrs. Sims was thrown from her seat onto the floor of the bus and injured, because of a sudden stopping, lurch, or jerk of the bus, res ipsa loquitur would have applied, requiring appellee to explain, rebut, or otherwise overcome the presumption or inference that, the injury complained of was due to negligence. But, as appellants specifically alleged that, the operator of the bus negligently caused the movement of the bus to be suddenly and unexpectedly checked, with a lurch and jerk, throwing Mrs. Sims forward off her seat and onto the floor, causing the injuries for which damages were sought, we do not think the rule of res ipsa loquitur was applicable.

After alleging that Mrs. Sims was a passenger on appellee's bus, occupying a front seat just back of the driver, appellants allege that, the "bus was caused to stop quickly, suddenly and unexpectedly with a lurch and jerk, without giving the plaintiff, Verna Sims, reasonable opportunity to place herself in position to avoid being thrown violently to the floor thereof; that the forward motion of said bus was checked and stopped with a lurch and a jerk; that said plaintiff was not notified or warned of the intention of said operator to suddenly check the forward motion of said bus, or stop said bus or to cause same to be stopped; that there was no apparent reason for said unexpected momentary stop causing such jerk; that said bus and the operator thereof was in the exclusive control of defendant and its servants; that said acts, omissions and negligence herein alleged was the proximate cause of the injuries sustained by plaintiff; all of which acts of said operator in suddenly checking the speed of said bus was done without due regard for the safety of the passengers on said bus, the effect of which sudden jerk and stop threw plaintiff forward off her seat toward the front end of the car and in the direction she was facing, and onto the floor of said vehicle", causing the injuries of which complaint was made. Also that, "the bus operator was in exclusive control and management of said vehicle, and as such operator of said bus it became his duty to use all reasonable care and diligence in the operation of said bus to prevent injury to plaintiff who was a passenger thereon"; also, that the "Company's operator of said bus failed to use that degree of care and diligence, as herein alleged * * * required of them in the operation of said bus in this; that said operator of said bus, caused the forward motion of the bus to be checked with an unexpected and unusually severe jerk and stop for reasons unknown to plaintiff, in such manner as to throw plaintiff forward from her seat onto the floor of the bus", etc., causing the injuries of which complaint is made; alleging further "that had defendant's operator used that degree of care incumbent upon it in the operation of said bus, plaintiff's injuries would not have resulted as herein complained of"; also that, plaintiff's injury was not caused by any fault or negligence on her part "but solely by negligence on the part of defendant Company's bus operator"; and that "as a direct and proximate result of said accident, and of the injury caused to plaintiff through the negligence, carelessness and lack of diligence on the part of defendant's agent, servant and employee herein complained of, causing said fall herein alleged, plaintiff, Verna Sims, suffered injuries", etc., of which complaint is made, and that Mrs. Sims' physical condition "caused by said negligence on the part of defendant's employee has resulted in permanent injuries", etc.

■ The foregoing is a statement in full of appellants' allegations as to negligence, the gravamen of which, in our opinion, is that, the negligence of the bus operator in suddenly and unexpectedly bringing the forward movement of the bus to a stop, caused Mrs. Sims to be thrown from her seat onto the floor and injured, as alleged. It is thus obvious, we think, that reliance

for recovery was based upon specific acts of negligence; and, that being true, we do not think the rule, res ipsa loquitur, was applicable.

■ The parties have cited any number of cases in which the doctrine under consideration was discussed, but these are of no particular value as authorities, as each case must be determined on its own peculiar facts. After an exhaustive discussion of this subject, with full citation of authorities, in Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 263, 81 S.W.2d 659, Judge Taylor announced the rule that, where specific acts of negligence alone are relied upon for recovery, res ipsa loquitur is not applicable. To the same effect, see Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195, 200.

■ ■ The rule under consideration not being applicable to the case, it follows that, there arose no presumption or inference of negligence, hence the burden rested upon appellants to establish, or offer evidence tending to establish negligence, which, in our opinion, they wholly failed to do. Both on direct and cross-examination, Mrs. Sims testified over and over again, that the accident happened so suddenly she didn't know anything about it until after falling on the floor of the bus. At page 10 of their brief, appellants admit this to be true; they state that she "is not in a position to say what caused the bus to jerk and stop. All she knows is that she was suddenly thrown forward from her seat onto the floor of the bus, and has never been certain as to just what did happen to cause it". Thus, it is obvious, we think, that the testimony of Mrs. Sims did not in the least tend to establish negligence; on the contrary, she testified to a conversation had with the operator of the bus at the time, in which he said that the accident was caused by someone driving an automobile against the rear end of the bus; the same being a part of the res gestae, tending to establish the defense alleged by appellee, and this defense was further supported by the operator, who testified positively that he did not stop or check the speed of the bus; that it was moving slowly when struck on the rear end by an automobile, which threw him forward against the steering wheel; also, two men passengers testified that an automobile was driven against the rear of the bus, throwing them against the back of the seats in front. As this undisputed evidence leaves no doubt as to what caused the accident, we do not think the court erred in directing the verdict for appellee.

■ However, if the rule of evidence (res ipsa loquitur) were applicable to the case, nevertheless, in view of the undisputed evidence, we think the court correctly directed a verdict for appellee; for, if it can be correctly said that, an inference of negligence arose from the fact that Mrs. Sims was thrown from her seat onto the floor of the bus, the inference being rebuttable, was, in our opinion, rebutted by the uncontradicted testimony of three witnesses, to the effect that the sudden and unusual movement of the bus was caused by its being run into at the rear end by an automobile driven by a third party.

■ In the case of Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659, 664, Judge Taylor used the following language in point; he said: "The authorities are not in accord as to the evidential effect of the application of the rule, due in some measure to the use of the terms 'presumption' and 'inference' loosely and indiscriminately. 45 C.J. p. 1198. It is now well settled, however, in this state that in a proper case for the application of the rule the fact of the occurrence warrants an inference of negligence, but does not compel it; that the presumption created by the happening, whether termed a presumption or an inference, is rebuttable. The effect of the application is not to shift the burden of proof to the defendant, but only the burden of going forward with the evidence. It is stated in 45 C.J. p. 1219, that the general rule as affecting burden of proof is that where plaintiff has established a presumptive or prima facie case of negligence, by virtue of the doctrine of res ipsa loquitur, it is incumbent upon defendant, if he wishes to avoid the effect of the doctrine, to introduce evidence to explain, rebut, or otherwise overcome the presumption or inference that the injury complained of was due to negligence. The rule thus stated is firmly established in this state. Washington v. Missouri, K. & T. Railway Co., 90 Tex. 314, 38 S.W. 764; McCray v. Ry. Co. supra [Tex.Civ. App., 32 S.W. 548; Id., 89 Tex. 168, 34 S. W. 95]; Gulf, C. & S. F. Ry. Co. v. Dunman (Tex.Com.App.) 27 S.W.(2d) 116, 72 A.L.R. 90; Ischar v. West Texas Utilities Co. (Tex.Civ.App.) 54 S.W.(2d) 842 (writ refused); Gulf, C. & S. F. Ry. Co. v. Johnson, 92 Tex. 591, 50 S.W. 563".

So, we think it obvious that, even if the rule res ipsa loquitur were applicable in the instant case, the burden of proof to establish negligence was not thereby shifted, and the inference or presumption of negligence, if one arose, having been rebutted by undisputed evidence, it was obligatory upon appellants to make out their case, and, having failed to produce any evidence whatever, tending to prove negligence, we do not think the court erred in directing the verdict, as was done. Failing to find reversible error, the judgment of the court below is affirmed.

Affirmed.