**YARBROUGH'S, Inc., et al. v. McNABB.**

No. 2731.

Court of Civil Appeals of Texas. Eastland.

June 24, 1949.

Rehearing Denied July 25, 1949.

Carter & Stiernberg, Harlingen, **L.** Hamilton Lowe, Austin, for appellants.

Greenwood, Johnson & Phillips, Harlingen, for appellee.

LONG, Justice.

Plaintiff Bernice McNabb instituted this suit against the defendants, Yarbrough's, Inc., a Texas Corporation, L. H. Yarbrough, W. M. Sparrow, Alfred M. Neck, Jr., and Carlos Garza, for damages alleged to have resulted from the burning of plaintiff's house. The defendants, except Garza, were engaged in selling linoleum in the city of Harlingen. Garza was employed by the defendants to lay linoleum. In January, 1947, plaintiff was repairing a house and bought part of the linoleum used therein from Yarbrough's and part at Sears & Roebuck. However, she contracted with Yarbrough's to lay all of such linoleum and Yarbrough's, in turn, employed Garza to do the actual work. At the time Garza was laying the linoleum, the weather was cold. He borrowed from Mr. Keller, one of the workmen on the job, an instrument known as a "plumber's pot," which he placed in a small bath room in the house for the purpose of warming the linoleum

so that it could be properly placed upon the floor. While so engaged in laying the linoleum in the small bath room, the house caught fire and was completely destroyed.

Plaintiff alleged that Garza was an employee of Yarbrough's and alleged certain specific acts of negligence on his part that were a proximate cause of the fire. In the alternative, it was alleged that the defendants were liable under the doctrine of res ipsa loquitur. The jury found in answer to certain special issues which are material here (1) that the defendant Garza was in full control of the plumber's pot during the time he was in the small bath room immediately before the fire; (2) that Garza, while in full control of the plumber's pot, did not do "something to the plumber's pot which a man in his position should not have done under the same or similar circumstances;" (3) that Garza failed to do "something to said plumber's pot which a reasonably prudent person would have done under the same or similar circumstances;" (4) that such failure was a proximate cause of the fire in question; (5) that the fire was not the result of an unavoidable accident; (6) that there did not exist some foreign substance in the gasoline in the plumber's pot causing it to leak gasoline or some defect in its mechanism causing it to leak gasoline immediately before the house caught fire; (7) that at the time Keller furnished the defendant Garza the plumber's pot, Keller was not in charge of the repairs on plaintiff's house under actual verbal authority from the plaintiff; (8) that the difference in the market value of the property before and after the fire was the sum of $5,500.00. Judgment was for plaintiff for her damages from which defendants have appealed.

■ By points one to five, defendants challenge the sufficiency of the evidence to support the jury's finding of negligence and proximate cause under the doctrine of res ipsa loquitur. In passing upon this question, we must view the evidence in its most favorable light to the plaintiff. The facts may be briefly summarized as follows: Plaintiff was engaged in repairing a house in the city of Harlingen. The defendant Garza was sent by defendants to said house for the purpose of laying linoleum in two bath rooms and on a drain board in the kitchen. Accompanying Garza was his partner, Arispe. When they arrived at the house the weather was very cold and the gas used for heating purposes was not connected. Garza carried with him a blow torch, for what purpose it is not clearly shown in the record. The jury, however, found that the blow torch did not cause the fire. Upon his arrival, Mr. Keller, a plumber, engaged in working at the house, loaned Garza what is referred to in the record as a "plumber's pot," which we understand to be an instrument similar to the blow torch belonging to Garza except that the flame therefrom goes out the top of the pot instead of off to the side as in the blow torch. The plumber's pot burned gasoline. It had attached to it a pump for the purpose of pumping air therein. Garza used the plumber's pot for heating the large bath room. At about ten o'clock on that morning the pot failed to burn, Mr. Keller refilled it with gasoline and turned it back to Garza. Garza placed the plumber's pot in the small bath room and for thirty minutes prior to the fire was in the bath room alone with all of the doors closed when, at about three o'clock P. M. the bath room became what is described as a "flaming inferno." The evidence also shows that the plumber's pot was not a dangerous instrumentality. According to the witnesses, it could and would have burned in the bath room as long as it was replenished with gasoline without causing a fire unless something unusual occurred. The plumber's pot is shown to have been in good mechanical condition. Garza testified that he never touched the pot except to move it from one room to the other. However, there is evidence that the pot would not have burned from ten in the morning until three in the afternoon with the amount of gasoline that Mr. Keller placed therein without the pot being replenished. Mr. Keller said that he did not touch the pot after ten o'clock that morning. Garza made no explanation as to what caused the fire except he admitted that the fire was caused by the plumber's pot. He could not or did not explain what caused the

plumber's pot to set the house on fire. He admitted that the plumber's pot was very similar to the blow torch with which he was familiar and that he had had sixteen years experience in handling blow torches. The evidence is conclusive that the plumber's pot did not explode and that it did not cause the heavy black smoke. The evidence shows that linoleum would cause a heavy black smoke, especially if it had gasoline on it. There is evidence to support the jury's finding that foreign substance or defects in the pot did not cause the fire. There is evidence that when one filled the plumber's pot and pumped it up so that it would have considerable air pressure and failed to turn the pump handle so as to lock it and hold the air in around the pump handle, that gasoline would spew out around the handle.

■ Res ipsa loquitur is a rule of evidence. In order for the doctrine to apply, it must be established (1) that the character of the accident and the circumstances attending it lead reasonably to the belief that in the absence of negligence it would not have occurred; and, (2) the instrument or thing which caused the injury must be shown to have been under the management and control of the defendant. Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 160 A.L.R. 1445; 30 Tex.Jur., Sec. 29. We believe the plaintiff has met the burden and has brought this case within the rule. There is ample evidence to show that the plumber's pot caused the fire; that such pot was not a dangerous instrumentality but, on the contrary, it would not have caused the fire unless something unusual occurred. It is conclusively established that the defendant Garza had the plumber's pot under his exclusive management and control at the time of the fire. He was the only person in the small bath room at the time the fire started and had been in there alone for some thirty minutes prior thereto. Garza testified that he did not do anything to the plumber's pot except move it from one room to the other. The jury found that he did not do anything to the plumber's pot but found that he failed to do something to the plumber's pot and that such failure

was a proximate cause of the fire. We believe the jury was justified in making this finding. It had a right to presume that if Garza did not do anything to the pot that he failed to do something to it that caused the fire. Furthermore, the facts relative to how the fire started were wholly in the possession of the defendant Garza. He was the only one in the room at the time it started. He made no satisfactory explanation as to what caused it.

■ We are of the opinion the evidence is sufficient to establish that the fire would not have happened except for negligence on the part of the defendant Garza. Defendants contend that plaintiff cannot recover because under the evidence, the fire might have been caused by several different things and that the evidence does not show it was caused by Garza failing to do "something to the plumber's pot." It was not incumbent upon plaintiff to exclude the probability that the fire might have occurred in some other way. She was only required to establish to the satisfaction of the jury by a preponderance of the evidence that the fire resulted from the negligence of the defendant Garza. Bock v. Fellman Dry Goods Co., Tex.Com.App., 212 S.W. 635; Burlington-Rock Island R. Co. v. Ellison et al., 140 Tex. 353, 167 S.W. 2d 723; Penrod Drilling Co. v. Silvertooth, Tex.Civ.App., 144 S.W.2d 335. When the rule of evidence known as res ipsa loquitur is applied to the facts in this case, we believe plaintiff has met this requirement. The plumber's pot, the instrument that caused the fire, was under the exclusive control and management of the defendant Garza at the time the fire occurred. There is evidence that the fire would not have happened except for the negligence of the defendant Garza. This was sufficient to raise an issue of fact as to negligence, especially in the absence of any satisfactory explanation by Garza as to how the fire happened.

"There must be reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the

management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care." 26 Tex. Law Review, 259. See also Roberts v. Texas & P. Ry. Co., 142 Tex. 550, 180 S.W.2d 330.

It is true that the mere happening of the fire is not sufficient to show negligence on the part of the defendants but when all of the facts and circumstances are considered and when the doctrine of res ipsa loquitur is properly applied, we believe the evidence is sufficient to support the finding of the jury that the fire was caused by the negligence of the defendant Garza and that such negligence was a proximate cause of the fire.

By points six to ten, all of the defendants, except Garza, contend that even though the plaintiff established a case against Garza, judgment should have been in their favor because Garza was an independent contractor. Defendants plead that Garza was an independent contractor, however, no issue was submitted on this question and none was requested. The evidence being conflicting on this issue, we must presume, in support of the judgment, that the trial court found that Garza was not an independent contractor. Rodriguez v. Higginbotham-Bailey-Logan Co., Tex. Civ.App., 172 S.W.2d 991, writ ref.; Barrick v. Gillette, Tex.Civ.App., 187 S.W.2d 683, R.W.M.; Rule 279, Texas R.C.P.

By their twelfth point, defendants complain of the action of the trial court in refusing to submit issues inquiring (1) whether Keller was negligent in furnishing the plumber's pot to Garza; (2) whether such negligence was a proximate cause of the burning of the house; (3) whether such negligence was the sole proximate cause; (4) whether such negligence was a new and independent cause of the burning of the house. These issues were properly refused by the trial court. The evidence was not sufficient to raise a fact question on the requested issues. There is no evidence that Keller was negligent in furnishing the pot to Garza. The evidence all shows that the pot was in good mechanical condition and that it was a safe in-

strumentality and could be used for heating the house without any danger in the absence of negligence. Garza had a torch with which he was very familiar and had been using this or a similar torch for sixteen years. The torch belonging to Garza was similar in many respects to the plumber's pot. This point is accordingly overruled.

We have considered all points presented by defendants in their brief. They are deemed without merit and are hereby expressly overruled.

The judgment of the trial court is affirmed.