**CITY OF FLOYDADA, Appellant,**

v.

**Emma T. BROCK, Appellee.**

**No. 8066.**

Court of Civil Appeals of Texas,
Amarillo.

May 18, 1970.

Rehearing Denied June 22, 1970.

George W. Miller, Floydada, for appellant.

Garner & Walters and Robert E. Garner, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a condemnation suit brought by appellant, City of Floydada, against appellee, Emma T. Brock, a widow, for easement of air space over six acres of land owned by the defendant and located at the north end of the runway of city airport. Mrs. Brock filed an admission of the right of appellant to condemn and admitted that the only matter remaining at issue before the trial court was the market value of the property condemned and the damage to the remainder and as a result secured the right to open and close.

The case was submitted to a jury upon four special issues. The jury found the value of the six acres condemned immediately prior to the acquisition of the easement was $400.00 per acre and $200.00 per acre after the acquisition of the easement and found the value of the remaining 194 acres immediately prior to the acquisition of the easement was $400.00 per acre and $365.00 per acre after the acquisition of the easement. Upon such verdict judgment was granted for the defendant for the sum of $7,790.00. From that judgment the City of Floydada perfected this appeal.

Appellant presents this appeal upon one point of error divided into five separate divisions as follows:

"The Court erred in overruling Appellant's Motion for New Trial and in failing to set aside the verdict and judgment rendered in such cause because certain portions of the argument included statements that:

(1) Emma T. Brock was not a black prostitute and should not be treated as such;

(2) That the City of Floydada purchased 72 acres of land for the airport adjoining Defendant's property from a city councilman for $500.00 per acre;

(3) That the jury should consider and award damages resulting from the possibility of an airplane falling and killing or possibly cutting off the head of one of the children of Emma T. Brock's tenants;

(4) That Defendant's counsel was employed for two years as an attorney for the State of Texas to secure right-of-way property by suing farmers and that he quit as such attorney because he was tired of seeing the State of Texas cheating landowners;

(5) That the jury should consider the defendant would be liable for witness fees and other court costs and that she could count up $700.00 in witness fees and that he (Garner) didn't work for nothing;

and such portions were each and all highly inflammatory and prejudicial and informed the jury of new and different facts not in evidence and probably caused the jury to reach an improper verdict."

Appellant seeks reversal of the case because of argument made to the jury by appellee's attorney as being highly inflammatory and prejudicial and informed the jury of new and different facts not in evidence and probably causing the jury to reach an improper verdict. No objections were made by appellant to the argument when the argument was being made, and neither was the argument reported. The appellant prepared in its motion for new trial certain bills of exception as to such argument, but appellee would not agree to the matters contained in the exceptions. The court refused to approve the bills of exception as drawn and made its qualifications to the argument claimed of in appellee's five divisions of its point of error as follows: First Division—that the plaintiff brought into evidence the negro question; Second Division—that there was no evidence that the plaintiff purchased 72 acres from a city commissioner for $500.00 per acre; Third Division—that there was evidence affecting the value of the land resulting from possibility of injury of persons on such land from falling or low flying airplanes; Fourth Division—that there was no evidence that defendant's attorney was employed for two years as attorney for Texas to secure right of way property by suing farmers and that he quit as such attorney because he was tired of seeing the State of Texas cheating landowners; Fifth Division—that there was testimony to the effect that some of the witnesses were professional appraisers who were paid for their services in testifying and that it is a common knowledge that attorneys are paid for their services.

According to the qualifications made by the court of appellant's bills of exception here complained of, the only argument that was made by the appellee's attorney that was not either invited or based upon evidence, was the statement that plaintiff had purchased 72 acres for $500.00 per acre and that defendant's attorney was employed for two years as attorney for Texas to secure right of way property by suing the farmers and that he quit as such attorney because he was tired of seeing the State of Texas cheating landowners.

The trial court denied appellant's motion for new trial and thereby held that the argument made by appellee's attorney was not such that it did cause the jury to reach an improper verdict. There was no question involved as to the sufficiency of the evidence to sustain the findings of the jury as to the $1,200.00 damage to the six acres in question. Three of appellant's witnesses testified the six acres was damaged $1,200.00 and one of appellee's witnesses testified to the same. As to the 194 acres, one of appellee's witnesses placed the damage at $5,000.00 making the total damage of $6,200.00. Appellee's other witnesses placed the amount of damages much above that found by the jury.

Before a judgment is reversed because of argument of counsel, two things must appear: the argument must be improper, and it must be such as to satisfy

the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Aultman et al. v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596; Kittrell et al. v. State of Texas, Tex. Civ.App., 382 S.W.2d 273 (ref. n. r. e.).

It is stated in Texas Employers' Inc. Ass'n v. Haywood, 153 Tex. 242, 266 S.W. 2d 856, 858 as follows:

"Generally speaking, to entitle one to a new trial because of improper argument of counsel for the opposing party it must be shown that objection was made and overruled at the very time the argument was made. Texas & N. O. Ry. Co. v. Sturgeon, 142 Tex. 222, 177 S.W.2d 264, 266; Wade v. Texas Employers' Ins. Ass'n, 150 Tex. 557, 244 S.W.2d 197, 200. The rule is a sound one. The basis for it is that offending counsel and the trial court should be afforded an opportunity to eliminate, if possible, the prejudice that may result from the argument— counsel by retraction and the court by instruction. As the Court of Civil Appeals correctly observed in this case, ordinarily a litigant will not be permitted to lie in wait, taking a chance on a favorable verdict and, being disappointed, complain of improper argument for the first time in a motion for new trial. It is only when the probable harm or the resulting prejudice cannot be eliminated or 'cured' by retraction or instruction that a new trial will be awarded in the absence of timely objection. Texas Co. v. Gibson, 131 Tex. 598, 116 S.W.2d 686; Wade v. Texas Employers' Ins. Ass'n, supra."

See also Ramirez v. Acker et al., 134 Tex. 647, 138 S.W.2d 1054, and Williams v. General Motors Acceptance Corporation et al., 428 S.W.2d 441 and the many cases there cited.

■ As to the 194 acres, appellee herein presented value testimony that was several times greater than that found by the jury.

From review of the facts, we are not convinced that the jury was prejudiced against the appellant nor is there any evidence to justify a holding that any argument made by appellee's counsel caused the jury to render an improper verdict. We overrule appellant's point of error and each of its divisions. Judgment of the trial court is affirmed.