LIZZIE WASHINGTON v. MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY OF TEXAS.

Decided January 25, 1897.

1. Negligence—Evidence Sufficient to take Case to Jury.

In an action by a widow to recover for the death of her husband, deceased was last seen walking in a railway cut, in the city of Houston, along a foot-path by the side of the track, leading towards a ravine, over which was a railway bridge so constructed as to admit of easy passage by footmen, and much used by residents of that part of the city. In this cut a train, which had separated, was wrecked by a collision of the rear portion with that in front, which had stopped to set a switch. There was no evidence as to the cause of the separation, or as to what precautions, if any, were necessary, or were taken, to avoid the accident. The body of deceased was discovered underneath the wreck. Held, that there was evidence sufficient to require the submission of the case to the jury. See opinion for details of such evidence. (Pp. 318 to 320.)

2. Same—Facts Necessary to be Proved.

In order for plaintiff to recover it was necessary that she should prove these propositions: (1) That the death of her husband was caused by the derailment of the train; (2) that the derailment was the result of a want of due care, either in the equipment or operation of the train, on the part of the agents or servants of the company; (3) that the injury to the deceased, or some injury of a like character to some other person similarly situated, ought to have been foreseen by such agents or servants as a probable sequence of such negligence; and (4) that he was not. a trespasser upon the defendant's track or cars. (P. 319.)

3. Same—Judicial Knowledge.

Whether the parting of the train could have been avoided by proper care, and what regulations were necessary to prevent collision after separation had taken place, were facts not judicially known. (Pp. 319, 320.)

4. Same—Res ipsa Loquitur.

Where the particular thing causing the injury has been shown to be under the

management of the defendant or his servants, and the accident is such as, in the ordinary course of things, does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation, that the accident arose from want of care; and in such case the question of negligence should be submitted to the jury. (P. 320.)

### 5. Same—Consequences to be Foreseen.

Under the above circumstances, it cannot be said, as matter of law, that the company ought not to have anticipated that a derailment of its train within the city might result in a personal injury to some one lawfully on or near its track. (Pp. 320, 321.)

### 6. Same—Inference.

The fact that deceased was upon the path by the track, rather than riding on the train, at the time of the accident, was supported by more than a mere scintilla of evidence, and was what the jury might lawfully infer from the evidence without basing presumption upon presumption. See opinion for discussion of evidence in detail on this point. (P. 321.)

ERROR to Court of Civil Appeals, First District, in an appeal from Harris County.

The trial court instructed a verdict for defendant, and on plaintiff's appeal it was affirmed and she obtained a writ of error.

*J. D. Wolverton* and *O. T. Holt*, for plaintiff in error.—If there is any evidence, however slight, the court must submit it to the jury. 10 Texas, 118; 17 Texas, 559; 29 Texas, 406; 59 Texas, 170; 78 Texas, 528; 85 Texas, 289; 53 Texas, 401; 72 Texas, 41; 71 Texas, 40; 47 Texas, 145; 81 Texas, 224; 76 Texas, 191; 4 Texas, 93; 79 Texas, 581; 85 Texas, 573; 1 Texas U. C., 511.

A railroad crossing may become public by use. 70 Texas, 496; 74 Texas, 521; 66 Texas, 347; 64 Texas, 84; 72 Texas, 84; 26 S. W. Rep., 760.

It was peculiarly within the province of the jury to decide as to whether or not the deceased, Mose Washington, was guilty of contributory negligence. 59 Texas, 675; 69 Texas, 157; 60 Am. & Eng. R. R. Cases, 71; 87 Texas, 43.

Railway companies are bound to exercise their dangerous business with due care to avoid injury to others, and when they fail to do so they are liable in damages for injuries resulting, even to a trespasser, who has not been guilty of contributory negligence. 54 Texas, 615.

If persons are accustomed to walk along a railroad track or yard, without objection by the company, the company must use reasonable diligence to prevent accidents to persons crossing the track, and the railroad company will be liable for injuries caused by sending cars swiftly along its track without anyone at the brakes, and especially so where they leave the track and fall upon a place where the public is in the habit of using. Railway v. Crosnoe, 72 Texas, 79; 37 Am. & Eng. R. R. Cases, 313.

*Baker, Botts, Baker & Lovett*, for defendant in error.—At the time Mose Washington was killed he was a naked trespasser, or at best, a bare license upon appellee's cars or right of way. Keuhn v. Railway, 32 S. W. Rep., 88; Railway v. Porter, 73 Texas, 307; Railway v. Chambers, 73

Texas, 300; Railway v. Herrin, 6 Texas Civ. App., 722; Railway v. Brown, 18 S. W. Rep., 672; Railway v. Boozer, 2 Texas U. C., 454; Ward v. So. Pac. Co., 36 Pac. Rep., 167; 2 Sherman & Redfield on Negligence (4th ed.), sec. 480; Glass v. Railway, 10 So. Rep., 217; Railway v. Godfrey, 71 Ill., 501; Oatts v. Railway, 22 S. W. Rep., 331; Wright v. Railway, 142 Mass., 296; McCreary v. Railway, 153 Mass., 300; Chenery v. Railway, 160 Mass., 213; Blanchard v. Railway, 126 Ill., 425.

Although the exact position Mose Washington occupied at the time he came to his death is, under the evidence, involved in much doubt and mystery, still, under any possible inference deducible from the evidence as contained in the statement of facts, the appellee owed Mose Washington, at the time he was killed, no duty whatever, other than to use ordinary care to avoid injuring him after it had been discovered that he was in a position of peril, and there is not a scintilla of testimony indicating that the appellee's servants ever did discover, or had any reason to believe, that the deceased was in a perilous position. Railway v. Ryon, 70 Texas, 58; Railway v. Ryon, 80 Texas, 60; Sanchez v. Railway, 30 S. W. Rep., 431; Railway v. Porter, 73 Texas, 307; Railway v. Robinson, 4 Texas Civ. App., 125; Railway v. Boozer, 2 Texas U. C., 454; Kuehn v. Railway, 32 S. W. Rep., 88; Ward v. Southern Pacific Co., 36 Pacific Reporter, 170; Railway v. Lankford, 31 S. W. Rep., 356; Railway v. Jazo, 25 S. W. Rep., 712; Woolwines v. Railway, 15 S. E. Rep., 85; Holland v. Sparks, 18 S. E. Rep., 992; Oil Co. v. Morton, 70 Texas, 404; Railway v. Brown, 18 S. W. Rep., 671; Glass v. Railway, 10 So. Rep., 217; 2 Sherman & Redfield on Negligence (4th ed.), secs. 483, 484 and 485; 1 Thompson on Negligence, 448 to 453 inclusive; Beach on Contributory Negligence, secs. 67 and 68.

The appellant neither alleged nor proved any negligence on the part of the appellee, its agents or servants, of which she was in a position to complain, and the burden being upon the appellant to first prove that the appellee owed a duty to the deceased, and then establish a breach of that duty, upon an entire failure in the production of any such testimony, it became the duty of the court to instruct the jury to find for the defendant. Railway v. Porter, 73 Texas, 306; McDonald v. Railway, 21 S. W. Rep., 776; Railway v. Chambers, 73 Texas, 300; Holland v. Sparks, 18 S. W. Rep., 991; Railway v. George, 19 S. E. Rep., 816; Smith v. Railway, 19 S. E. Rep., 863; Woolwines v. Railway, 15 S. E. Rep., 82; 1 Sherman and Redfield on Negligence (4th ed.), sec. 110; Johnston v. Railway, 30 S. W. Rep., 415; Catlett v. Railway, 21 S. W. Rep., 1062.

As a general rule, the burden is upon the defendant to establish plaintiff's contributory negligence, but there are two exceptions to this general rule, as well recognized as the rule itself, viz.: (1) Where the legal effect of the facts stated in the petition is such as to establish prima facie negligence on the part of the plaintiff, as a matter of law, then he must plead and prove such other facts as will rebut such legal presumption; (2) Where the undisputed evidence adduced on the trial establishes prima facie, as a matter of law, contributory negligence on the part of the

plaintiff, then the burden of proof is upon him to show facts from which the jury, upon the whole case, may find him free from negligence; otherwise, the court may instruct a verdict for the defendant, there being no issue of fact for the jury.

There can be no theory constructed from the evidence adduced on the trial of this case from which it will appear that the deceased, Mose Washington, was not a trespasser upon the appellee's right of way at the time he came to his death. As the appellant wholly failed to produce any testimony showing the want of contributory negligence on the part of the deceased resulting in his death, the court very properly instructed the jury to return a verdict for the defendant. Railway v. Shieder, 30 S. W. Rep., 904; Sanchez v. Railway, 30 S. W. Rep., 431; Kuehn v. Railway, 32 S. W. Rep., 88; Railway v. Ryon, 80 Texas, 61; Railway v. Foreman, 73 Texas, 314; Railway v. Porter, 73 Texas, 306; Railway v. Spicker, 61 Texas, 429; McDonald v. Railway, 21 S. W. Rep., 776; Railway v. Faber, 77 Texas, 155; Wharton on Negligence, 426; 1 Sherman & Redfield on Negligence, secs. 106 to 114; Donaldson v. Railway, 21 Minn., 297.

A mere scintilla of evidence, or a surmise that there has been negligence on the part of the appellee, resulting in the death of the deceased, Mose Washington, or that the deceased may not have been guilty of contributory negligence resulting in his death, would not justify the judge in submitting the case to the jury. Railway v. Faber, 77 Texas, 155; Bishop v. The State, 43 Texas, 402; Pleasants v. Fant, 22 Wall., 120; Railway v. Woodson, 134 U. S., 621; Dillon, Laws and Juris., Eng. and Am., 130; 1 Sherman & Redfield on Negligence (4th ed.), sec. 56.

GAINES, CHIEF JUSTICE.—The following statement of the nature and result of this suit is taken from the brief of the plaintiff in error in the Court of Civil Appeals:

"This is an action in which the appellant, Lizzie Washington, sued the appellee to recover damages for the wrongful death of her husband, Mose Washington, alleged to have been killed by the negligence and carelessness of the appellee, on the 31st day of December, 1894. The petition alleges that the place of accident was on appellee's road and near, and easterly from, the intersection of Holly street, or the extension thereof northerly, with appellee's track and right of way, in the city of Houston. That from the place of the accident on said road, and easterly a distance of twelve or thirteen rods, appellee operates its train over and across a railroad bridge over a deep ravine lying between the place of accident and the appellee's freight depot in the city of Houston. That along and near said track of said road, and over the said bridge, and as a part thereof, there are sidewalks with guard-rails, made and used for the accommodation of foot-passengers over and along appellee's right of way, from the bridge, westerly, up to and beyond the place of the accident; and at the time and long prior thereto, with the knowledge and consent of the appellee, that the public much frequented and used that portion and

part of its right of way, both by day and night, where the accident occurred; and that the deceased, Mose Washington, was rightfully along and near said track at the time the said wreck occurred, by which he lost his life.   That the negligence of which the appellee was guilty was in permitting its train to separate, and failing to manage it, by reason of which the same was wrecked, ran off the track, and one of the cars was thrown onto and killed the deceased, Mose Washington, without any fault or negligence on his part.   While the said Washington was walking along said street said accident occurred, by reason of the train being wrecked and thrown from the track, and one of the cars falling upon him, which caused his death.   Appellant alleged, by reason of the negligence of the appellee, she has been damaged in the sum of ten thousand dollars.

"Appellee, for answer, denied specially all the allegations in plaintiff's petition contained.

"A jury was demanded by the appellant, and the court, after hearing the testimony, directed the jury to return a verdict for the defendant, and, in obedience to this direction, a verdict was returned for the defendant without the consideration of the testimony on the part of the jury."

The facts of the case in evidence are stated as follows by the Court of Civil Appeals: "The deceased, Mose Washington, who was the husband of the plaintiff, left his home in the latter part of the afternoon of December 31, 1894, telling his wife he was going on a hunt; and when she next saw him, about 9 o'clock on the next day, he was dead.   She did not know of his ever returning to their house after he left on the afternoon of the previous day, nor did she know anything of his movements, or his whereabouts after he left the house.   The deceased was seen, between six and seven o'clock p. m. on December 31, 1894, walking on the right of way of defendant company, and near to its track, in the city of Houston; he was going east at the time he was seen on the right of way, and on this part of the right of way there is a foot path running by the side of the track of the railway, from the termination of Holly street to a bridge on said track over a deep ravine.   This bridge was built by defendant some two years before the trial, and it is so constructed as to admit of an easy passage by footmen; and both this pathway and the bridge had been much used by many people living in the first and fifth wards of the city.   Holly street is west from this bridge, and between this street and the bridge the track of the road passes through a cut of some seven or eight feet in depth.   The distance from this cut to the bridge is not shown with certainty, the evidence leaving it in doubt whether the distance is one hundred, two hundred or three hundred feet.   In this cut, about seven o'clock p. m. of the 31st of December, 1894, a train moving east upon the railway track and operated by the employes of defendant, was wrecked, and the next morning, from under the wreck and lying within two or three feet of the track, the dead body of Mose Washington was found, his head having been severed from his body.   There was a flat car in the derailed train and upon it was an oil tank, and

from under this tank the body was taken.   Between the place of the accident and the bridge was a switch.   But two witnesses testify about the derailment of the train; both lived next the place.   The train was in two sections; the fore section halted for the brakeman to set the switch, and while this was being done the rear section of the train collided with the front section and caused the derailment.   The train was a freight train, but how many cars composed it we are not informed by the evidence, nor does the evidence show the number of cars in either section of the train.   The train had come uncoupled at some point west of the place of accident, but at what point or what distance from the point of derailment the evidence is silent.   The grade of the track coming east was descending from a point several blocks west, but how many is not shown; from the place of the accident and beyond that point for some distance the grade going east is ascending.   The witnesses observed no brakeman on either the front or rear section of the parted train at the time of the collision and derailment; it was dark, but witnesses could have seen brakeman, or at least their lanterns on the top of the train, but neither would testify affirmatively that there was no brakeman upon either section of the train; they observed neither lights nor men upon the tops of the cars.   The evidence gives no explanation whatever of the uncoupling of the train; there is no evidence that the coupling was out of repair or otherwise defective; there is no evidence that those in charge of the train were aware of the fact that the train had broken into sections until the collision occurred.   The time between the halting of the front section and the collision is left in doubt, the witnesses estimating it at from three to six minutes.   There is no evidence whatever tending to show that the presence of the deceased at or near the point of collision was discovered by any of those operating the train, or observed by either of the witnesses who saw the accident.   There is nothing in the evidence tending to show that the collision could have been prevented by those operating the train, had they discovered that the train had parted before the collision occurred."

The action of the court in instructing a verdict for the defendant is the only ruling of which complaint is made.   In order for the plaintiff to recover, it was necessary that she should prove these propositions: (1) That the death of her husband was caused by the derailment of the train; (2) that the derailment was the result of a want of due care, either in the equipment or operation of the train, on part of the agents or servants of the company; (3) that the injury to the deceased, or some injury of a like character to some other person similarly situated, ought to have been foreseen by such agents or servants as a probable sequence of such negligence; and (4) that he was not a trespasser upon the defendant's track or cars.

There can be no question as to the sufficiency of the evidence to establish the first proposition, and we therefore pass to the second.   It may be safely assumed that the derailment was caused by the parting of the train; but whether such parting could have been avoided by the use of

proper care, and what regulations are necessary in order to prevent the impact of one disconnected section upon another after the separation has taken place, are questions upon which the testimony throws no light. In our opinion, judicial notice of such matters cannot be taken. But while the naked fact that an accident has happened may be no evidence of negligence, yet the character of the accident and the circumstances in proof attending it may be such as to lead reasonably to the belief that without negligence it would not have occurred. (Railway Co. v. Suggs, 62 Texas, 323.) "Where the particular thing causing the injury has been shown to be under the management of the defendant, or his servants, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation, that the accident arose from want of care." (Scott v. Docks Co., 3 H. & C., 596.) See also to same effect Transportation Co. v. Downer, 11 Wall., 129. In such a case the question of negligence should be submitted to the jury. The principle is applicable here.

3. Ought the injury to the deceased, or some like injury to some one, to have been anticipated by the defendant? Unless this question be answered in the affirmative, there was no actionable negligence in this case. (Railway v. Bigham, decided at the present term.) The accident occurred in a city, where the track of the company necessarily crossed its streets, and in a deep cut, through which, as the evidence tended to show, people were in the habit of passing, probably with the tacit permission of the company. Under such circumstances, we think that it cannot be said, as a matter of law, that the company ought not to have anticipated that a derailment of its train within the city might result in a personal injury to some one lawfully on or near its track. The circumstances to support that conclusion may be slight, yet they are some evidence, which should go to the jury for their decision.

But conceding that there is evidence tending to show that the path along the track was so used by the public with the knowledge of the company that any one walking there should not be deemed a trespasser upon the right of way, are there any circumstances in proof from which the jury could lawfully infer that at the time the deceased was killed he was upon the path? It is argued, on behalf of the defendant, that this conclusion cannot be reached except by drawing one inference from another, which is never allowed. We do not, however, so regard it. The fact that the body of the deceased was found under the derailed car admits of more than one explanation, and there is where the real difficulty arises. The established fact does not necessarily draw with it the fact to be inferred. The deceased could hardly have been on the track itself, because the body would then have been carried beyond the point at which it was found. We understand counsel for defendant to admit as much. But so far as can be seen from the state of things at the scene of the accident the next morning, the fact that his body was found under the car is entirely consistent with the theory that he was riding upon

that car at the time the derailment took place. However, there are other circumstances which tend, in some degree, to show that he was on the path. When last seen alive he was walking there in the direction of the place of the accident and but a short time before it occurred, and there is nothing in the testimony to suggest that he had an opportunity to mount the train. We recognize the rule that in order to require an issue to be submitted to the jury there must be something more than a scintilla of evidence. There must be evidence sufficient to warrant a reasonable belief of the existence of the fact which is sought to be inferred.

But we are of the opinion, after mature consideration, that there was more than a mere scintilla of evidence, and that the case ought to have been submitted to the jury; and we therefore conclude that it was error to instruct a verdict. We, however, would not be understood as holding or even intimating that the jury, if the questions had been submitted to them, ought to have found either of the controverted issues in favor of the plaintiff.

The judgment of the District Court and that of the Court of Civil Appeals are therefore reversed and the cause remanded.

*Reversed and remanded.*