SMITH et al. v. EVERETT et ux.    (No. 247.)

(Court of Civil Appeals of Texas. Waco. June 4, 1925.)

**1. Landlord and tenant** ⬅169(7)—**Evidence held sufficient to sustain finding of court that sublease was ratified by owner.** '

Where, in action by sublessee to recover damages caused by water from floor under control of owner, it appeared that sublessee, with knowledge of owner, moved into and occupied building for nearly a year, and paid rent to original lessee, who in turn paid it to owner, evidence *held* sufficient to sustain finding of court that sublease was ratified by owner.

**2. Landlord and tenant** ⬅169(7)—**Evidence held sufficient to sustain finding of court that the water damaging plaintiff's goods came from hydrants on floor above.**

In action by sublessee of first floor of three-story building to recover damages caused by water, evidence *held* sufficient to sustain finding that water came from hydrants on second floor.

**3. Landlord and tenant** ⬅169(7)—**Evidence held sufficient to sustain finding that damages to sublessees' goods were caused by negligence of landlord or his employees.**

Where, in action by sublessee of first floor of building to recover damages caused by water coming through on goods, it appeared that entire second floor was under control of the owners, and only persons having access to such floor were their employees, and that water came from second floor, evidence *held* sufficient to sustain finding that damage was caused by negligence of owners or their employees.

Appeal from District Court, Limestone County; J. R. Bell, Judge.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes    :

Action by W. A. Everett and wife against E. L. Smith and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

W. T. Church, of Mexia, and C. S. Bradley, of Groesbeck, for appellants.

G. A. Walters, of Mexia, for appellees.

## Statement.

STANFORD, J. E. L. Smith and Blake Smith are the owners of a three-story building in Mexia, fronting south on Commerce street and extending back 90 feet. The third floor had been rented to the Elks Lodge, but at the time the injury made the basis of this suit occurred it was unoccupied. The second floor of said building had been rented to the E. L. Smith Oil Company, Inc., but E. L. Smith and Blake Smith maintained their offices on the second floor, and maintained joint control with said oil company of the second story. The first floor was leased by E. L. and Blake Smith, the owners, to E. M. Hitt and J. D. Ellisor, and the said Hitt and Ellisor had leased one-half of the first floor to appellees W. A. and C. A. Everett, who, at the time of the injury, were, in their part of said lower floor, conducting a dry goods store. On January 25 and 26, 1924, between about 7:30 p. m. of the 25th and 8 a. m. of the 26th of January, 1924, water came through the floor of the second story and the ceiling of the first story, and damaged appellees' goods to the agreed amount of $775.-50. This suit was brought by appellees, the said Everetts, against E. L. and Blake Smith and the E. L. Smith Oil Company, Inc., to recover said damages, alleging, in substance, that said parties were in joint control of the second story of said building, and by reason of their negligence said water was permitted to come through and damage their goods. The case was tried before the court without a jury, and judgment rendered for appellees against all the defendants for $775.50. The court filed findings of fact and conclusions of law. There is also a statement of facts with the record.

## Opinion.

[1] In several assignments, appellants complain of the finding of the trial court to the effect that appellees were tenants of appellants E. L. and Blake Smith, the owners of said building. The record discloses that the owners leased the entire ground floor of said building to E. M. Hitt and J. D. Ellisor, and that said lease forbade these parties subleasing any part of same without the consent of the owners. The record further discloses that Hitt and Ellisor did sublease one-half of said lower floor to appellees, and tends to show that they did so without the express consent of the owners; but the record further shows that appellees moved into said building with their stock of dry goods about March 1, 1923, and had so occupied said building with their stock of goods for nearly a year at the time the injury occurred, paying $100 a month rent to Hitt and Ellisor, and they paying rent to the owners. Appellants E. L. and Blake Smith saw appellees during all this time occupying half of the lower floor with their stock of goods. They had been told of the lease to appellees. A prior damage by water to their goods had been sustained by appellees similar to the one here involved, and was paid by appellants Smith to appellees. Appellants E. L. and Blake Smith never at any time made any objections to appellees' occupancy of said building. The court found that E. L. and Blake Smith, the owners of said building, acquiesced in said lease from Hitt and Ellisor to appellees, and tacitly consented thereto and ratified said lease. We think the evidence was ample to sustain this finding of the trial court.

[2] Under other assignments, appellants complain of the finding of the trial court to the effect that the third floor of said building was not occupied, and that "the damages complained of occurred by reason of water coming from the second story of said building, being overflowed from some one or more of the hydrants on said second floor." The record discloses that the Elks had occupied the third floor of this building, but the evidence of J. D. Ellisor is to the effect that, before the damage herein sued for occurred, the Elks had moved to another building. The evidence shows, further, that there were seven offices on the second floor of said building, and in six of said offices there were installed lavatories and water basins, with hydrants, for the use of the occupants. There was also on said second floor a toilet room, closed in, with only one door as an entrance to said toilet room, which could be closed securely. In said toilet room was a lavatory and wash basin, with a hydrant. On the morning appellees' goods were found to be damaged by water, the janitor found water on the second floor, and it was seen dripping through the second floor onto appellees' goods. He procured a mop and mopped up the water. There is no evidence that any water was seen on the third floor, or that any water had dripped through the ceiling over the second floor. In fact, there is no evidence of how many hydrants, if any at all, were on the third floor. The finding of the trial court that the third story was unoccupied, and that the overflow of water causing the injury came from one or more of the hydrants on the second floor, is fully sustained by the evidence.

[3] Under other assignments, appellants contend the evidence is insufficient to show any liability for damage to appellees' goods on the part of either E. L. Smith and Blake Smith, the owners of the building, or on the part of E. L. Smith Oil Company, Inc. In this connection, it is to be noted that the

trial court found that in the lease from E. L. and Blake Smith to E. L. Smith Oil Company, Inc., leasing the second floor to said corporation, E. L. and Blake Smith obligated themselves to furnish all the water necessary for sanitary purposes on said second floor of said building. The trial court found, further, that the defendants E. L. Smith and Blake Smith, as owners of said building, and the E. L. Smith Oil Company, Inc., as their lessee, jointly occupied said second floor of said building, and had the sole control and occupancy thereof, including the stairway and its use, at the time said injury was sustained by appellees. Neither of these findings is challenged by the appellants. Appellants E. L. and Blake Smith would not, as landlords, be liable for the negligence of their tenant, the E. L. Smith Oil Company, Inc.; but, the said E. L. and Blake Smith and the E. L. Smith Oil Company, Inc., having the joint and exclusive occupancy and control of the second floor of said building, it was the duty of all of said parties to exercise proper care to avoid injury to appellees' goods. That the water that did the damage came from the second story, from one or more hydrants on said second floor, is found by the trial court, and such finding is amply supported by the evidence. That said water seeped through the second floor and ceiling over the first floor and onto appellees' goods at some time between 7:30 p. m. on January 25th and 8 a. m. on January 26th, is not questioned. That appellees' goods were damaged by reason of said water to the amount of $775.50 was admitted. That said damages occurred without any fault or neglect on the part of appellees, or either of them, is not questioned. The trial court further found that said damages were caused by the negligence of appellants E. L. and Blake Smith and the E. L. Smith Oil Company, Inc., or their employees.

That the overflow of water and consequent damage to appellees' goods was caused by the negligence of some one cannot be doubted. There was only one entrance to the second floor of the building, and that was by means of a stairway leading from the front along the inside of the east wall of said building. At the entrance to this stairway, and at the entrance to the second story from the landing of said stairway, were doors with Yale locks that could be securely locked. There was one door to the toilet room, and also one door to each of the seven offices on the second floor, all provided with Yale locks and which could be securely locked. Appellants and their employees all had keys to these doors, and all of said doors, except the stairway doors, were supposed to be locked at night at about 7:30. However, some of said parties frequently returned to their offices after supper to work. There was no one occupying the second story of this building, or that had access to it at night, except appellants

and their employees—probably a dozen such employees—except a Mr. Nelson, an income tax man, who occasionally occupied an office with an employee of the E. L. Smith Oil Company in the extreme northeast corner of said building; but he had no key, and where said water came through was nowhere near his office. The appellees had no control of or access to this second story. The flooding and damage to their goods occurred at night, after they had closed their store, and before they opened the next morning.

None of the appellants or their employees testified, except the janitor, who was called to testify by appellees. In fact, appellants offered no testimony. In the case of Washington v. M., K. & T. Ry. Co. of Texas, 90 Tex. 320, 38 S. W. 765, our Supreme Court, by Chief Justice Gaines, said:

"But, while the naked fact that an accident has happened may be of no evidence of negligence, yet the character of the accident and the circumstances in proof attending it may be such as to lead reasonably to the belief that, without negligence, it would not have occurred. Railway Co. v. Suggs, 62 Tex. 323. 'Where the particular thing causing the injury has been shown to be under the management of the defendant, or his servants, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation, that the accident arose from want of care.' Scott, v. Docks Co., 3 Hurl. & C. 596. See, also, to same effect, Transportation Co. v. Downer, 11 Wall. 129 [20 L. Ed. 160]. In such a case the question of negligence should be submitted to the jury."

See Washington v. M., K. & T. Ry. Co. of Texas, 90 Tex. 314, 38 S. W. 764; Railway Co. v. Johnson, 23 Tex. Civ. App. 160, 55 S. W. 787; H. & T. C. Ry. Co. v. Roach, 52 Tex. Civ. App. 95, 114 S. W. 424; T. & P. Ry. Co. v. Endsley (Tex. Civ. App.) 119 S. W. 1152; Galveston, etc., Ry. Co. v. Thompson (Tex. Civ. App.) 116 S. W. 110.

In this case the entire second floor of the building, with all of the eight or more lavatories, wash basins, and hydrants, were under the exclusive control and management of appellants and their employees, and the accident, or flooding the second floor with water, running through onto appellees' goods, was such an occurrence as in the ordinary course of things would not happen, if those who had the management of the water appliances on the second floor had used proper care. These facts, in the absence of any explanation on the part of appellants or their employees, were sufficient to make a prima facie showing that the flooding arose from want of care on the part of appellants or their employees. We think the evidence was sufficient to sustain the finding of the trial court that the damage was caused by the negligence of appellants or their employees.

We have considered all of appellants' assignments of error, and, finding no reversible error, overrule same and affirm the judgment of the trial court.