**William Billy LYNCH, Appellant,**

v.

**D. H. RICKETTS, Individually, as Independent Executor of the Estate of Emily Ricketts, Deceased, and as Next Friend of Barbara Ricketts et al., Appellee.**

**No. 15845.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 18, 1957.

Rehearing Denied Nov. 15, 1957.

Kelly, Morris & Walker and Jearl Walker, Fort Worth, for appellant.

Samuels, Brown, Herman, Scott & Young and Ardell M. Young, Forth Worth, for appellee.

RENFRO, Justice.

This suit resulted from a collision between a car driven by W. B. Lynch and a

car driven by Emily Ricketts. Mrs. Ricketts was killed as a result of the collision. Her surviving husband, D. H. Ricketts, brought suit for damages for himself and his four minor children resulting from the death of Mrs. Ricketts, and additional damages for personal injuries sustained by the minor child Barbara.

The jury found that: Lynch approached the intersection at a speed in excess of 30 miles per hour and that such rate of speed was a proximate cause; the rate of speed at which Lynch approached the intersection was negligence and a proximate cause; Lynch failed to keep a proper lookout and that such failure was a proximate cause; Mrs. Ricketts was operating her car in the intersection at a speed of 7½ miles per hour and such speed was not negligence; and Lynch did not have the right of way. In answer to issues Nos. 7 and 8 the jury found that Mrs. Ricketts failed to keep a proper lookout upon the occasion in question and such failure was a proximate cause. There were further findings that Mrs. Ricketts could not have applied her brakes in time to avoid the collision, and that Lynch was not acting under an emergency.

Barbara was awarded $2,000 for her personal injuries, and Ricketts and the four children were awarded a total of $13,000 for loss sustained by them as a result of the death of Mrs. Ricketts, plus certain expenses.

The plaintiffs filed a motion for judgment non obstante veredicto and to disregard the jury's findings in answer to issues Nos. 7 and 8, on the ground such findings had no support in the evidence. The motion was granted and judgment entered for the plaintiffs for the full amount of the verdict.

The appellant concedes that Barbara is entitled to the $2,000 awarded her for personal injuries, and does not appeal from that portion of the judgment. The appeal from that part of the judgment awarding damages sustained by reason of the death of Mrs. Ricketts is based on the contention the court erred in granting plaintiffs' motion for judgment non obstante veredicto. Thus, the problem before this court is to determine whether the trial court erred in holding that there was no evidence of sufficient probative force to uphold the jury's finding that Mrs. Ricketts failed to keep a proper lookout and that such failure was a proximate cause.

Viewed in the light most favorable to the jury's findings, we find nothing in the evidence or the physical facts to support the jury's findings to issues Nos. 7 and 8, unless such findings find support in appellant's testimony.

The collision occurred about 7:45 A. M. in the City of Fort Worth in the intersection of Eighth Avenue and West Arlington Street. Eighth Avenue is what is known as a "through" street, 36 feet wide, running north and south with no stop signs at the intersection in question and has heavy traffic at the time of day in question, most of which is headed toward the business district of Fort Worth to the north. West Arlington Street is 28 feet wide, runs east and west and is rather heavily traveled, though not as much as Eighth Avenue. There was a stop sign at the northeast corner of the intersection, controlling traffic approaching Eighth Avenue from Arlington Street. Extending west across Eighth Avenue what would be Arlington Street bears the name of Windsor Place. Windsor Place has heavy traffic in the early morning hours, with people cutting across from Forest Park Boulevard, going east on Windsor Place to Eighth Avenue, then making a left-hand turn north to the City's business district.

On the occasion in question, Mrs. Ricketts, with nine year old Barbara in the car with her, drove a Packard car west on West Arlington to the intersection and stopped for a period of time, shown by the evidence to be anywhere from twelve seconds to one minute. Barbara testified her mother looked both to the north and to the south. According to the witness Davis, as he entered the intersection driving south on Eighth Avenue, the Packard was stopped at the stop sign and remained

there while he paused in the intersection to allow two cars going north on Eighth Avenue to pass through before he completed his turn on to Arlington, and that the Packard was still stationed there as he drove by it on his way to stop at a store on the southeast corner of the intersection. Barbara did not know whether her mother looked north again after they entered the intersection. Barbara testified that while they were stopped she saw the Oldsmobile driven by appellant even with the Humble sign north on Eighth Avenue. Later, evidence fixed the sign as 531 feet from the intersection in question. The witness Hughes, accident investigating officer for the City of Fort Worth, testified the impact occurred 7 feet south of an imaginary line from the north curb of Arlington west across Eighth Avenue. The Packard car (Ricketts) was 22 feet west of the east boundary line of the intersection of Eighth Avenue and Arlington Street at the time of impact. The impact occurred in the northwest corner of the intersection. The skid marks of the Oldsmobile measured 46 feet from the point of impact back in a straight line north of Eighth Avenue, and the Oldsmobile continued 30 feet after striking the Packard. The center of the front of the Oldsmobile hit the Ricketts car at the right rear wheel.

Appellant testified that as he approached the intersection he was driving about 25 miles per hour, and a blue car was ahead of him traveling about the same speed and turned right on Windsor Place. The first time appellant saw the Packard it was "right close to the center line of Eighth Avenue." He did not see the Packard until "the front bumper was near the center of Eighth Avenue." He estimated the speed of the Packard at 15 or 20 miles an hour. He did not testify where the Packard was when he first saw Mrs. Ricketts but he testified he saw her just before the impact; further, at that time she had already pulled in front of his car and her back bumper was nearly over the center line going westward. Later, he testified that when he first saw the Packard the bumper of her car was right

near the center line, the blue car had just rounded the curve going westward, and that the Packard was 15 or 18 feet from the blue car. He was asked, "Now, at that time (when she looked west), where was the blue automobile?" Appellant answered, "Well at that time, it had just rounded the curve; there must have been another car in front of it or something; anyway, it slowed down real slow and she (Mrs. Ricketts) couldn't go on across. * * * Because of the blue automobile." He also testified that after he had skidded nearly up to her, he saw her look around straight ahead, looking westward. He estimated he was between 40 or 50 feet away from the intersection when he first saw the Packard, at which time it was right close to the center line of Eighth Avenue. He immediately applied his power brakes. He admitted that if his estimate of distances and speed were correct he traveled approximately three times the distance the Packard traveled during the same period of time. He did not explain why he did not see the Packard in the intersection until it was nearly to the center line of the intersection. He testified to no obstruction between him and the intersection.

 It is always the duty of every adult to exercise ordinary care for his own safety, including the duty of keeping a proper lookout. Ordinarily, proper lookout is a question for the jury. Texas & Pacific Ry. Co. v. Day, 145 Tex. 277, 197 S.W.2d 332. In order to sustain a judgment non obstante veredicto it must be determined there was no evidence having probative force upon which the jury could have made the findings relied upon. Whiteman v. Harris, Tex.Civ.App., 123 S.W.2d 699; Warren v. Schawe, Tex.Civ.App., 163 S.W.2d 415; Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194. The appellate court must view that evidence, if any, which viewed in its most favorable light supports the jury's findings. Biggers v. Continental Bus System, Tex., 303 S.W.2d 359.

██ However, the proof offered must amount to more than a mere scintilla of

evidence and it must do more than raise a mere suspicion in order to be relied upon as having probative force. And it is the duty of the court to instruct a verdict, though there be slight testimony if its probative force be so weak that it only raises a mere surmise or suspicion of the existence of the fact sought to be established, such testimony, in legal contemplation, falling short of being any evidence. Rounsaville v. Bullard, 154 Tex. 260, 276 S.W.2d 791; Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059.

Although appellant testified that a little of the Packard was still over the center line at the moment of impact, his own witness, who made the measurements, showed, as we have stated, that the Packard car was completely across the center line, going west at the time of the impact. So it is conclusive, and is established by admission as well as testimony, that Mrs. Ricketts entered the intersection and had the right of way as far as appellant was concerned. Since appellant skidded his brakes 46 feet after seeing her car and did not see her car until it was, by his own testimony, near the center of the intersection, then he, of necessity, was a considerable distance further than 46 feet north of the intersection at the time Mrs. Ricketts entered the intersection. While this circumstance did not excuse Mrs. Ricketts from the duty of exercising care, her presence in the intersection cannot be taken as indicia of negligence under the facts of this case. Kersey v. Swidler, Tex.Civ.App., 223 S.W.2d 242. No presumption prevailed that Mrs. Ricketts was guilty of contributory negligence merely because an accident happened, Dixon v. Burling, Tex.Civ.App., 277 S.W.2d 957; Rankin v. Nash-Texas Co., Tex.Com.App., 105 S.W.2d 195; but, on the contrary, the rule is that it will be presumed that she exercised due care for her own safety. Texas Electric Ry. Co. v. Crump, Tex.Civ.App., 212 S.W. 827. Moreover, contributory negligence is not established by evidence which is equally consistent with the exercise of the care by plaintiff or where the inference of due care is just as reasonable as is the inference of the absence thereof. Jordan v. City of Lubbock, Tex.Civ.App., 88 S.W.2d 560; Salter v. Galveston, H. & S. A. Ry. Co., Tex.Civ.App., 285 S.W. 1112.

In the instant case the jury was asked if Mrs. Ricketts kept a proper lookout on the occasion in question. It is clear from the record that Mrs. Ricketts frequently used this crossing to take her children to and from school. She knew of the heavy traffic condition of Eighth Avenue and of traffic turning to the left and north from Windsor Place on to Eighth Avenue in the early morning hours. Her duty to maintain a proper lookout included the duty to watch for cars in those directions, as well as for cars approaching from the north on Eighth Avenue. It is said in Dewhurst v. South Texas Rendering Co., Tex.Civ.App., 232 S.W.2d 135, 139, "Instead of saying, as does appellee, that the evidence shows that Dewhurst drove in front of the truck because he failed to keep a proper lookout and did not see the vehicle, it is as reasonable to say that Dewhurst observed the truck, saw that it was slowing down almost to stop, and then proceeded across the intersection because he was entitled to the right of way. Under this view of the case, Dewhurst's action can not be characterized as negligent. The provisions of the law relating to right of way are not without force or meaning and * * * the law will not denounce as negligent an act which may with equal reason be accounted for by a hypothesis based upon due care and caution."

In the instant case, as we view the record, there is no evidence that Mrs. Ricketts failed to keep a proper lookout unless appellant's testimony that she was looking south and west just before the impact supplied such evidence. Applying the reasoning of the Dewhurst opinion, it seems to us that instead of saying, as does appellant, that the evidence showed that Mrs. Ricketts drove into the intersection in front of appellant's car because she failed to keep a proper lookout, it is just as reasonable to say that she observed appellant's car to the north, gave her immediate attention to the heavier traffic from the south and to the

blue car turning to the right directly in front of her, the movement of which affected her own, and then proceeded across the intersection because she was entitled to the right of way. She had the right to assume that appellant would not drive into the intersection at the speed at which he was traveling after she had already crossed the center line. If the record shows conclusively that a collision would have occurred in any event and regardless of the speed of Mrs. Ricketts, the jury's finding of failure to keep a proper lookout and proximate cause cannot stand. Biggers v. Continental Bus System, supra.

We do not hold that the fact that Mrs. Ricketts had the right of way absolved her from maintaining a proper lookout. We do hold that under the facts and circumstances of this case there was no evidence of sufficient probative value to support the findings of the jury that Mrs. Ricketts failed to keep a proper lookout or that if she did fail to keep a proper lookout such failure was a proximate cause of the collision in question. We think appellant's own testimony and that offered by him shows conclusively that Mrs. Ricketts could not have avoided this unfortunate collision.

Judgment affirmed.