Mrs. Mamie **RESTELLE** et al., Appellants,

v.

Billy Frank **WILLIFORD**, Appellee.

No. 6598.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 10, 1963.

Rehearing Denied Feb. 6, 1963.

Preston E. Johnson, Liberty, for appellants.

Zbranek & Friend, Liberty, for appellee.

McNEILL, Justice.

The appeal is from an order granting a temporary injunction against appellants, Mamie Restelle, her attorney, and the sheriff of Liberty County, restraining the sale under execution of certain farming equipment belonging to appellee.

The principal question posed is whether appellee was married at the time of the levy upon his equipment. If he was, his farming equipment could be shown, under proper circumstances, to be exempt to him under Art. 3832, Vernon's Ann.Tex.Civ.St. No statement of facts is furnished us. The trial court's findings of fact reveal that at the time the judgment for debt rendered against appellee on February 4, 1959, he was married and the head of a family; that on March 13, 1962 appellee's wife, Luan Williford, filed suit in the district court of Liberty County against him for divorce and partition of community property; that on June 11, 1962, Luan Williford and husband were before the court, Judge J. Harris Gardner presiding, in divorce Cause No. 19,424, and the following entry was made on the court's docket:

"6/11/62: Plaintiff granted divorce and property division as per decree on file. It is further ordered by the Court that Plaintiff's maiden name of 'Nugent' be restored to her."

The findings further show: that the farming equipment was levied upon on June 15, 1962; that on July 9, 1962, at the time of the hearing on the application for temporary injunction, there was no written decree entered by the court in Cause No. 19,424, entitled Luan Nugent Williford vs. Billy Frank Williford, in Liberty County, Texas; that at the time the divorce suit was filed and at all times since, appellee was engaged in the occupation of farming.

The trial court concluded, as a matter of law, on the findings made that there was no judgment declaring the parties Williford to have been divorced and that therefore they were man and wife. He further concluded that there was no evidence that the parties had partitioned the community property in question between themselves in the manner provided by the constitution and laws of this state, and that consequently the property would not be subject to execution by reason of Art. 3832, supra.

Appellants assail the trial court's conclusion that appellee and wife were not divorced and were man and wife upon three grounds: First, it is said that the docket entry of June 11, 1962 is proof the judge then pronounced judgment of divorce. We overrule this contention. The trial court's docket entry is not a part of the record which we may consider; it is a memorandum made for the convenience of the trial court and clerk. Williams v. Land, Tex. Civ.App., 300 S.W. 990; Burleson v. Moffett, Tex.Civ.App., 3 S.W.2d 544.

Appellants' second ground—assailing the trial court's conclusion—is that appellee's application for injunction alleged that appellee and Luan Williford were formerly man and wife, and that the farming equipment involved was received by appellee in the divorce property settlement. It is said that these allegations constitute a judicial admission that the divorce was actually granted. We doubt that the allegations were made with such clarity that they, strictly construed, may be considered a judicial admission. If they should be so considered, there is a clear answer to the proposition that they must be accepted as an admission here. Since we have no statement of facts, to proceed upon it must be presumed upon appeal that sufficient evidence was introduced to support the trial court's finding that the parties were man and wife. City of Houston v. Adams, Tex.Civ.App., 326 S.W.2d 627. It is appellants' duty to show that under no possible state of the case could the court's judgment be upheld. First National Life Ins. Co. v. Herring, Tex.Civ.App., 318 S.W.2d 119. And we are required to indulge every reasonable presumption consistent with the record in favor of the correctness of the judgment rendered. Thomas v. International Harvestor Co., Tex.Civ.App., 325 S. W.2d 832. Accordingly, we indulge the presumption that evidence was heard by the trial court indicating that no legal property settlement had been consummated between the parties. This presumption is strengthened by the trial court's statement

in his conclusions that there was no evidence offered showing a legal division of the community property. It is held that a judicial admission is waived when evidence contrary thereto is heard. 31 C.J.S. Evidence § 381c, 1172; Plemmons v. Pevely Dairy Co., 233 S.W.2d (Mo.App.) 426. No property settlement having been properly consummated, no final judgment could be rendered and entered in the minutes.

The third ground of attack on the trial court's finding that Williford and wife were still married was because of the recital in an order of the District Court (Judge Gardner again presiding) in the divorce case dated July 29, 1962, as follows: "* * * that the order of the court * * granting the divorce of plaintiff and cross-defendant, Luan Nugent Williford, from defendant and cross-plaintiff Billy Frank Williford * * *"; and it is asserted therefrom that it is shown unquestionably that the divorce had been rendered on June 11, 1962. The order of July 29th was one setting aside the docket entry of June 11, 1962 and resetting the case for trial in its regular turn. The July 29th order has no proper bearing upon the judgment granting the temporary injunction on July 9, 1962. 31 Tex.Jur.2d 343. But since it is relied upon by appellants, it may be stated that this very order contains a further recitation "and it further appearing to the court that the parties hereto nor their attorneys have been able to reach an understanding and agreement as to the property settlement proposed by the court; * * *." This order of July 29, which set the divorce case for trial in its regular turn, indicates that though there was a pronouncement of divorce, the court had left the details of the settlement of property rights to the lawyers and the parties involved, as is often done. But later the court discovered that the parties were unable to agree upon division of the property. So, it is seen that, whether he intended it or not, the trial court actually disposed of only part of the issues involved in the divorce case. His order granting the divorce was consequently an interlocutory one which could be set aside at a subsequent term. Brannon v. Wilson, Tex. Civ.App., 260 S.W.2d 201; Consolidated Underwriters v. McCauley, Tex.Civ.App., 320 S.W.2d 60.

Appellants finally urge that the temporary injunction should not have been granted for the reason that the application therefor did not plead the benefit of or refer to Art. 3832, but attempted to obtain the benefit of Art. 3834 which exempts proceeds of sale of homesteads for six months. In the absence of a statement of facts, we must presume in upholding the order of the trial court that the issue of exemption, as raised by Art. 3832, was tried with the implied consent of the parties. Rule 67, Texas Rules of Civil Procedure; Dorman v. Cook, Tex.Civ.App., 262 S.W.2d 744; 4 McDonald P.C.P. p. 1302.

The judgment is affirmed.