**DALLAS TRANSIT COMPANY, Appellant,**

v.

**E. D. YOUNG et al., Appellees.**

**No. 16190.**

Court of Civil Appeals of Texas.

Dallas.

June 28, 1963.

Rehearing Denied July 26, 1963.

John L. Hauer, Dallas, for appellant.

Yarborough, Yarborough & Johnson, and Allison & Ford, Dallas, for appellees.

BATEMAN, Justice.

This damage suit stems from a collision, or series of collisions, between four motor vehicles, all headed in a northerly direction on Second Avenue in the City of Dallas. The first car in the line was a Ford sedan owned and occupied by appellee Jesse Ford and his wife, which was stopped awaiting an opportunity to make a left turn. The second vehicle was a Chevrolet panel truck owned and operated by appellee E. D. Young, which had moved up behind the Ford and was either stopped or going very slowly. The next in line was appellant's city bus operated by one Holt. The fourth vehicle was a Chevrolet pick-up truck owned and driven by Luther Rodgers.

Ford and Young sued Dallas Transit Company, Holt and Rodgers, claiming damages for bodily injuries. The jury found that the bus driver, Holt, failed to keep a proper lookout, which was a proximate and, in fact, the sole proximate cause of the collision. No other party was found guilty of negligence proximately causing the collision. Appellant and Holt moved for judgment *non obstante veredicto*, which motion was overruled, and the court rendered judgment on the verdict in favor of Young and Ford against appellant and Holt.

Appellant alone has appealed and presents only one point of error; viz., that the trial court erred in overruling its motion for judgment *non obstante veredicto* because (a) there was no evidence to support the improper lookout findings, and (b) appellees filed judicial admissions that Rodgers' truck hit the bus from behind before the bus hit Young's truck. We see no merit in this point and affirm the judgment.

Appellant's burden here is to demonstrate that there was no evidence having probative force upon which the jury could have made the findings in question; and in determining whether that burden has been discharged we "may consider only that evidence, if any, which, viewed in its most favorable light, supports the jury findings, and we must disregard all evidence which would lead to a contrary result." Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359, 363; Lynch v. Ricketts, Tex.Civ.App., 306 S.W.2d 410, 413, reformed and affirmed 158 Tex. 487, 314 S.W.2d 273.

Holt testified that he did not know whether Young's panel truck had completely stopped before the bus struck it, that he could have stopped the bus instantly, that there was nothing between him and Young's truck to prevent him from seeing its movements, but that he did not know, or could not recall, whether Young "had his hand out from the time he first saw him stop up until there was a collision." His testimony further indicated that the truck was about 200 feet ahead of him when he first observed it, that he knew that both his bus and the Young truck would have to stop because of the stopped Ford, and that the Young truck was only about ten feet ahead of him when the Rodgers vehicle struck the rear of the bus. There is no evidence that he observed the Young truck at any time in the interim. Young testified that he brought his truck to a complete stop behind the Ford and extended his arm outside his vehicle to indicate that he was stopping, that his stop light was on, and that he was in a stopped position three or four seconds before his vehicle was struck.

While this evidence may lack something in clearness and directness, yet we must hold that it is some evidence, more than a scintilla, sufficient to carry the issues to the jury and to support the findings thereon. The lookout maintained or neglected by a motorist is often very difficult to prove by direct evidence, and yet many cases turn, as this one does, on this single issue. Improper lookout, like any other negligent act or omission, may be proved by circumstantial evidence. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, 275. And it was held by the Fort Worth Court

of Civil Appeals that "[t]he collision itself is some evidence of negligence on the part of the driver who strikes a preceding car from the rear." Renshaw v. Countess, Tex. Civ.App., 289 S.W.2d 621, 624, no wr. hist. See also Caraway v. Behrendt, Tex.Civ. App., 224 S.W.2d 512, no wr. hist., and Miller v. Wagoner, 356 S.W.2d 363, no wr. hist.

On the other hand, appellant relies heavily on Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195, 199, in which it was held that: "The occurrence of an accident, or a collision, is not of itself evidence of negligence." This principle is firmly rooted and widely recognized. "But, while the naked fact that an accident has happened may be no evidence of negligence, yet the character of the accident and the circumstances in proof attending it may be such as to lead reasonably to the belief that, without negligence, it would not have occurred." Washington v. Missouri, K & T Ry. Co., 90 Tex. 314, 38 S.W. 764, 765.

As said in Hoey v. Solt, Tex.Civ.App., 236 S.W.2d 244, 246: "It can not be gainsaid that one who fails to stop his automobile in response to a traffic signal, but propels the same into the rear end of an automobile which has stopped in obedience to the signal, is guilty of negligence proximately causing injury or damage unless such conduct is excused by some extenuating circumstance or condition."

■ Appellant attempts to explain or excuse the collision of its bus with the rear of Young's truck, not by saying that Young stopped suddenly or failed to signal his intention to stop, or that the brakes on the bus suddenly became ineffective without warning or fault on the part of appellant or its employee, but on the sole ground that Rodgers negligently hit the rear of the bus and pushed or knocked it into the rear of Young's truck. This was apparently the only reed on which appellant could lean; and it turned out to be a weak one. Unless appellant could establish that its bus was pushed involuntarily into the vehicle ahead of it, the conduct of its driver stood rather defenseless. His testimony was quite definite that the bus was struck violently from the rear—violent enough to knock him loose from the steering wheel, and to cause him to lose his balance, his cap to fall off and his foot to come off the brake pedal—and that this force shoved the bus into the Young truck. He was corroborated in this, to some extent, by two passengers on the bus. There was testimony to the contrary, which, although weak, was more than a scintilla. Joske v. Irvine, 91 Tex. 574, 44 S.W.2d 1059. (See Footnote) [1] The jury had a right to be-

1. Luther Rodgers testified that shortly before he struck the rear of the bus he heard a fairly loud crash which sounded like an automobile accident; that he looked ahead of him on each side to see if he could see an accident, but did not see one; that he did not say he heard the crash in front of the bus although it appeared to be up in front of him; that he couldn't tell whether it was on the side or straight ahead, but out in front of him some place; that he was 150 or 200 feet behind the bus when he heard it, traveling about 45 miles per hour, at which time he took his foot off the accelerator; that he saw the brake light on the bus "flicker" when he was about 60 to 90 feet behind the bus and then for the first time applied his own brakes, reducing his speed to about 25 to 35 miles per hour when he hit the bus; that he does not know whether the bus ran into a vehicle in front of it before he hit the bus. In his deposition Rodgers said that he was about 60 feet from the bus traveling 15 or 20 miles per hour, when he first applied his brakes and skidded about 60 feet into the bus; that when he was approaching the bus he heard a crash and that's when he slowed down; that the noise sounded like it was in the immediate area.

His wife, Mrs. Katie Rodgers, testified that she was riding with her husband and that as they approached the scene she heard a "bang" which sounded like "two people running together" and sounded like it was in front of her; that after their pick-up struck the bus she did not see it move forward and to the best of her knowledge it did not; that after the pick-up struck the bus she did not hear

lieve this testimony and reject that of Holt and the two passengers.

■ Obviously, that is exactly what happened, as evidenced by the jury's answer to Special Issue No. 61, as follows:

"Do you find from a preponderance of the evidence that on the occasion in question the defendant, Luther Clifford Rodgers, in driving his vehicle into the rear of the bus proximately caused it to collide with the car in front of it?

"ANSWER: NO."

The transcript does not reflect that appellant objected to the submission of that issue, or moved the court to disregard the finding; no complaint as to the submission of the issue or as to the finding was made in the amended motion for new trial, and no point of error is made in this court with respect thereto. Therefore, it seems to us that this jury finding, unchallenged in any manner, is binding on appellant and obliterates the only basis it could have for the only explanation it offers for the collision between the bus and the Young panel truck.

■ There is yet another basis for our conclusion that the jury findings on lookout have support in the evidence. Holt also testified that as he approached the scene of the accident he would occasionally "glance in the rear-view mirror to see if there was anything in behind" him, but that on this occasion he did not do so after he saw the cars in front of him. The jury may well have considered that as the bus approached the place where the two vehicles ahead of it were already stopped and the bus driver knew he would also have to stop, the exercise of ordinary care would have required him at that very time to look in his rear-view mirror to see if another vehicle might be following so closely behind him that it would be unable to stop and might push him and his bus into the cars in front. The evidence is undisputed that there was sufficient room to the right in which he could have turned the bus, thus avoiding the collision.

It has been held that ordinarily a motorist need not keep a lookout for vehicles approaching from his rear, but we think circumstances such as are presented here at least warrant the submission of the issue to the jury. As said in Jones v. Downey, Tex.Civ.App., 359 S.W.2d 116, 118, err. ref. n. r. e.: "However where a motorist is traveling upon a paved highway and is preparing stop, slow down or change directions, he is required to keep a lookout for traffic to his rear, and to give proper signals of his intentions." See also Art. 6701d, § 68(c), V.A.T.S.; Art. 801(K), Texas Penal Code; Le Sage v. Smith, Tex. Civ.App., 145 S.W.2d 308, 315; Scott v. McElroy, Tex.Civ.App., 361 S.W.2d 432, err. ref. n. r. e.; Langham v. Talbott, Tex. Civ.App., 211 S.W.2d 987, err. ref. n. r. e.

Therefore, we hold that the findings in question were not without some support in the evidence.

Appellant's contention that Ford and Young filed judicial admissions that Rodgers' pick-up truck hit the bus from behind before the bus hit Young's truck will now be noticed. Ford pled that he stopped his car, that Young stopped behind him, and that the bus struck Young's truck with such force as to knock it forward into Ford's car; and, in the alternative, that the bus driver failed to apply his brakes but allowed the bus to crash into the rear of Young's truck, etc. He then added, in the same sentence: "that, in any event there was immediately behind said bus, at the time and on the occasion in question, a Chevrolet pick-up truck driven by the said Luther Rodgers, who was also proceeding

the bus then strike something in front of it; that the noise she heard before the pick-up struck the bus was like colliding vehicles would make; that she would say,

based on this noise, that the bus hit the vehicle in front of it before she and her husband hit the bus, although she couldn't see around in front of the bus.

in a Northwesterly direction on said Second Avenue * * * and said Luther Rodgers, at about the same time the bus crashed into the rear of the Chevrolet truck driven by Elisha David Young, at the time and on the occasion in question, crashed into the rear of said bus, giving added impetus to said bus and it crashed into the rear of said truck driven by Elisha David Young, etc."

In Young's petition, after alleging that the bus crashed into the back of Young's truck, it was alleged: "that almost instantaneously prior thereto, the back of said Dallas Transit Company bus had been struck from the rear by a vehicle owned and operated by defendant Luther Clifford Rodgers."

This contention is overruled for four reasons:

1) The pleadings in question do not, in our opinion, constitute the judicial admissions claimed for them by appellant. Ford's pleading was in the alternative, and the alternative plea cannot be used as a judicial admission opposed to his first or main plea. Climatic Air Distributors of South Texas v. Climatic Air Sales, 162 Tex. 237, 345 S.W.2d 702; Rule 48, Vernon's Texas Rules of Civil Procedure. Furthermore, it does not actually allege that the pick-up hit the bus first and *caused* it to strike Young's truck, merely that it gave "added impetus." Young's pleading, quoted above, likewise falls far short of admitting that Rodgers' truck hit the bus first in such manner as to cause the collision between the bus and Young's truck. As said in Restelle v. Williford, Tex.Civ. App., 364 S.W.2d 444, 445, err. ref. n. r. e.: "We doubt that the allegations were made with such clarity that they, strictly construed, may be considered a judicial admission."

2) Appellant did not contend in the trial court that these pleadings were such admissions as to obviate the necessity of evidence on the point. On the contrary,

it treated the matter as a disputed issue by introducing evidence thereon. The point was thereby waived. 31 C.J.S. Evidence § 381c, p. 1172; 7 C.J.S. Pleading § 161, p. 335; Restelle v. Williford, 364 S.W.2d 444, 446, err. ref. n. r. e.

3) It was not mentioned in the motion for judgment *non obstante veredicto,* and since the only point of error on appeal relates to the overruling of that motion, the contention cannot properly be considered here for the first time.

4) Having no direct bearing on the proper lookout issues, the matter of which vehicle struck which vehicle first is at most evidentiary and not in any sense determinative of the appeal. As indicated above, this case turns on whether there was any evidence to support jury findings on lookout, not on a determination of the order in which the vehicles collided with each other. Our inquiry is limited to the question: Does the record contain any evidence to support the finding of improper lookout? Having demonstrated that it does, the judgment is affirmed.

Affirmed.

## ON MOTION FOR REHEARING

In its motion for rehearing appellant directs our attention to the fact that we did not express our views on its contention that the appellees are bound by the only direct evidence on lookout, which was that of its driver Holt, who testified that the truck struck the bus knocking him away from the controls and knocking the bus into the panel truck. Appellant says this testimony is so binding on appellees as to require us to reverse and render the judgment, even though Holt was a defendant and interested witness. It relies on Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904, 908, wherein it is held that "where the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive,

and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law."

In view of the corroboration of Holt's testimony by that of the two bus passengers, appellant also says that this case is governed by Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 136 S.W.2d 207.

■ We have again reviewed the evidence and adhere to our original opinion that the finding of failure to keep a proper lookout is not without at least some evidence to support it. If we are correct in that, it is our duty to "disregard all evidence which would lead to a contrary result." Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359. This would of course include the testimony of Holt and his passengers. The motion for rehearing is overruled.