Dan E. WILKINS, Appellant,

v.

Marvin T. COOK, Appellee.

No. 4379.

Court of Civil Appeals of Texas, Eastland.

May 8, 1970.

Rehearing Denied May 29, 1970.

King & Massey, Marion L. Massey, Ft. Worth, for appellant.

Kelly, Walker, Maynard & Liles, Mike Liles, Ft. Worth, for appellee.

WALTER, Justice.

Dan E. Wilkins filed suit against Marvin T. Cook for damages resulting from a

collision. The jury found the collision was an unavoidable accident, found Cook was acting under a sudden emergency which was the sole proximate cause of the collision and failed to find any negligence against the defendant. A take nothing judgment was rendered and Wilkins has appealed.

Appellant filed no objections to the court's charge. He filed a motion for judgment non obstante veredicto and has presented seven points of error asserting that the court erred in not instructing a verdict in his behalf.

The case went to trial the first time in March 1969 and, after Wilkins discovered that one of his witnesses had been called out of the city on an emergency, the case was postponed, and was tried in May 1969. Before the case went to trial the first time the appellee admitted liability by dictating into the record the following:

"Now comes the defendant, Marvin T. Cook, prior to the voir dire examination and selection of the jury herein and prior to any evidence being presented to the court and would show the court the following:

1.

The defendant desires and hereby admits liability and negligence in proximately causing the collision in question and made the basis of this lawsuit and his responsibility for any damages resulting therefrom. The defendant further would show to the court that in admitting his liability and responsibility in proximately causing this accident that he does not admit damages and personal injuries or any damages resulting therefrom because of this accident, which limits his admission to the establishing of damages and liability. The defendant would further show the court that he has discussed this matter with his attorney and desires and so pleads at this time his admission of liability.

WHEREFORE, the defendant moves the court to accept this his admission and for general relief in law and in equity."

After the case was postponed Wilkins filed an amended original petition and alleged for the first time gross negligence and asked for $20,000.00 exemplary damages. Prior to the voir dire examination in the second trial, Cook filed an instrument seeking to withdraw his admission of liability which is as follows:

"Now comes the Defendant in the above captioned Cause and hereby withdraws his admission of liability and would show to the Court as grounds therefor the following:

1.

In March, 1969, this Cause was called on its regular order on the Court's docket and Plaintiff announced ready for trial and was proceeding to trial on his First Amended Original Petition wherein there was no allegation of gross negligence and pursuant thereto Defendant admitted liability to the First Amended Original Petition, and after selecting a jury, the Plaintiff notified the Court that his doctor could not be present and therefore the Court passed the case from the Court setting, and subsequent thereto the Plaintiff filed with the Court his Second Amended Original Petition wherein he alleged gross negligence and sued for exemplary damages.

2.

Pursuant to the foregoing the Defendant now withdraws his admission of liability and does not admit liability in any respect to the allegations contained in Plaintiff's Second Amended Original Petition."

The appellant relies in his points of error and contends that the stipulation of appellee admitting liability which was dictated into the record at the first trial and read to the jury in this case conclusively establishes liability and he was entitled to a directed verdict on liability. He takes the

position that after the admission of liability was made, appellee could not withdraw it and the only issue for the jury was the amount of damages.

Appellee contends that he was entitled to withdraw his admission of liability after appellant amended his pleadings and asked for exemplary damages. Appellee further contends that appellant has waived his right, if any he had, to rely on the admission because he failed to object to the evidence of brake failure which contradicted the admission of liability. He also contends that by failing to object to the court's charge, appellant waived his rights under a judicial admission.

The judgment recites that the jury found that the collision was solely caused by a sudden emergency. The appellant did not rely upon the stipulation as a judicial admission because he introduced evidence on brake failure. His witness Ernest Leck, Jr., testified substantially as follows:

I was traveling in front of Cook's dump truck and noticed in my rear view mirror that he was coming a little fast so I moved over and got out of his lane because it looked to me as if he was not going to be able to stop. I saw Cook's truck collide with the back of Wilkins' pickup. Cook's truck was traveling about 20 or 25 miles per hour. A deputy sheriff tested the brakes on the dump truck and mashed the brake pedal down and "there wasn't any pedal there." Another of appellant's witnesses, the investigating officer Daniels, also testified that he examined Cook's brakes and "I found no brakes."

In Dallas Transit Company v. Young, 370 S.W.2d 6 (Tex.Civ.App.1963, writ ref. n. r. e.), the court said:

"Appellant did not contend in the trial court that these pleadings were such admissions as to obviate the necessity of evidence on the point. On the contrary, it treated the matter as a disputed issue by introducing evidence thereon. The point was thereby waived. 31 C.J.S. Evidence § 381c, p. 1172; 7 C.J.S. Pleading

§ 161 P. 335; Restelle v. Williford [Tex.Civ.App.], 364 S.W.2d 444, 446, err. ref. n. r. e."

The appellant relies on Griffin v. Superior Insurance Company, 161 Tex. 195, 338 S.W.2d 415 (1960), in support of his contention. The Court said:

"This principle of law is discussed in McCormick & Ray, Texas Law of Evidence, Vol. 2, § 1127, p. 25, and we find these words: 'As long as the * * * admission stands unretracted, the fact * * * admitted, for the purpose of the case, is accepted as true by the court and jury and binding on the party making it, i. e., he cannot introduce evidence to contradict it.' A number of Texas cases are cited to sustain this proposition."

We hold that the appellee was not bound by the stipulation because it was retracted and liability was treated as a disputed fact issue by the parties in the trial. We hold that the cases cited above support this conclusion.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.