Bill BEAKLEY et al., Appellant,

v.

## HOUSTON OIL & MINERALS CORPORATION, Appellee.

### No. 5397.

Court of Civil Appeals of Texas, Eastland.

May 29, 1980.

Rehearing Denied June 18, 1980.

Russell H. McMains, Edwards & Perry, Gary Norton, Gary, Thomasson, Hall & Marks, Corpus Christi, David T. Hedges, Jr., Vinson & Elkins, Houston, Guy Allison, J. M. Burnett, Dyer & Redford, Corpus Christi, for appellants.

Lev Hunt, Kleberg & Weil, Corpus Christi, Claude B. Masters, Daniel K. Hedges, Houston, for appellee.

McCLOUD, Chief Justice.

The controlling question is the applicability of the res ipsa loquitur doctrine to multiple defendants who exercise exclusive, as opposed to joint, control over separate and distinct equipment and activities which may have caused or contributed to cause injuries to the plaintiff.

Plaintiff, Bill Beakley, alleged that Dow Chemical Company (Dowell Division), Loffland Brothers Company, and Houston Oil and Minerals Corporation, were jointly and severally liable for injuries he received when a heavy "cement head" blew off of the casing collar and fell upon him. The jury, in answer to a res ipsa loquitur special issue, found that the negligence of Dowell and Houston Oil proximately caused the cement head to fall, and awarded plaintiff damages of $3,256,671.35. The negligence was attributed 60% to Dowell and 40% to Houston Oil. No liability findings were made against Loffland Brothers. The trial court granted Houston Oil's motion to disregard the res ipsa loquitur finding against it, and entered judgment notwithstanding the verdict for Houston Oil. Judgment was rendered against Dowell for the $3,256,-671.35 total damages found by the jury. Thereafter, Dowell and plaintiff entered into a settlement agreement as to Dowell only, whereby Dowell paid plaintiff $1,954,-002.81, which represented 60% of the damages found by the jury. Plaintiff has appealed urging that the court erred in granting Houston Oil's motion for judgment notwithstanding the verdict, and argues that he is entitled to a joint and several judgment against Houston Oil for $3,256,671.35.

Plaintiff, an employee of Bill Beakley & Associates, was employed as a consultant by Houston Oil, the owner and operator of the oil well in question, to implement the drilling program formulated by Houston Oil. The well was being drilled by Loffland Brothers. At the time of the accident, Dowell, the cementing contractor, was in charge of the "surface-casing cementing" operation. The cement head was owned and installed by Dowell. Dowell's employee screwed the cement head into a casing collar owned by Houston Oil. The cement head blew out of the collar that was affixed to the casing, and fell approximately thirty feet to the derrick floor where it struck and seriously injured the plaintiff.

The jury, in answer to issues inquiring about specific acts of negligence, found that Dowell's failure to secure its equipment in the derrick adequately was negligence and a proximate cause of the occurrence. All issues inquiring as to specific acts of negligence were answered in favor of Houston Oil. The jury did find, however, in answer to the general res ipsa loquitur issue, that the cement head fell to the floor of the derrick because of the negligence of both Dowell and Houston Oil, and that the negligence of each was a proximate cause of the occurrence. In order for plaintiff to prevail against Houston Oil he must rely upon the jury's res ipsa finding.

Plaintiff went to trial on his second amended petition wherein he alleged that the equipment which fell upon him was under the exclusive control of Dowell or Loffland or both, and pleaded that he would rely upon the res ipsa loquitur doctrine against such defendants. At the conclusion of the evidence, the court permitted plaintiff to file his fourth amended original petition wherein he also asserted the res ipsa doctrine against Houston Oil, and alleged that the "collar, at the time of probable negligence related to it, was under the exclusive control" of Houston Oil.

■ In *Mobil Chemical Company v. Bell*, 517 S.W.2d 245 (Tex.1975) the court said:

The res ipsa doctrine is applicable when two factors are present: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant.

■ The first factor stated above is satisfied in the instant case. The second is not. The injuring instrumentality, the cement head which fell upon plaintiff, was as alleged, under the exclusive control of Dowell, not Houston Oil. Nor do we think that plaintiff can successfully argue that the res ipsa doctrine is applicable against Houston Oil because there is evidence that the collar, as well as the cement head, was defective. It is illogical to apply the res ipsa doctrine against multiple defendants who have exclusive, as opposed to joint, control over separate instrumentalities alleged to have caused plaintiff's injury. See Prosser, Law of Torts, § 39 p. 225 (3rd ed. 1964); 65 C.J.S. Negligence § 220.11; 58 Am.Jur.2d, Negligence § 508. There is no allegation, nor is there any evidence, that Dowell and Houston Oil had joint control of the cement head, or collar, or both. See *Bond v. Otis Elevator Company*, 388 S.W.2d 681 (Tex. 1965).

We disagree with plaintiff's contention that Houston Oil's motion for judgment non obstante veredicto is inadequate. The motion asserted that the res ipsa loquitur doctrine was inapplicable as a matter of law because the injuring instrumentality was not under the control of Houston Oil. Tex. R.Civ.P. 301.

We think the court properly disregarded the res ipsa loquitur finding against Houston Oil and Minerals Corporation. The judgment of the trial court is affirmed.