Marshall Lee SMITH, Appellant,

v.

Glenn F. LITTLE, Appellee.

No. 1497.

Court of Appeals of Texas, Tyler.

Dec. 31, 1981.

Marvin G. Shwiff, Dallas, for appellant.

Ralph I. Miller, Dallas, for appellee.

MOORE, Justice.

This is a suit for fire damage to property. Plaintiff, Glenn F. Little, brought suit for fire damage to a house owned by him and rented to the defendants, Marshall Lee Smith and wife. The case was tried before a jury which found negligence on the part of defendants. From a judgment in favor of plaintiff, defendant Marshall Lee Smith (Smith) appeals.[1]

We reverse and remand.

For the purpose of this review a brief statement of the facts is necessary. Defendants, Marshall Smith and his now divorced wife, Pauline Smith, rented the house owned by plaintiff Little at 111 Deepwood in Dallas, Texas.

On the evening of February 13, 1974, defendants Marshall Smith and his wife left the garage where they both worked and returned to 111 Deepwood. Marshall Smith admitted that he and his wife had been drinking beer at the garage prior to going home on the night of the fire. Deposition testimony, which was offered as substantive evidence, contained an admission by Marshall Smith that "three or four six packs" had been consumed by a group of three people and that he had possibly had a six pack all by himself. Marshall Smith admitted that he was feeling "pretty relaxed."

Smith testified he believed he could remember everything that happened on the night of the fire despite his consumption of alcohol. He testified that he and his wife went straight home after drinking beer at the garage with a friend, Bruce Munson, and that he went straight to bed. Pauline Smith, however, testified in her deposition that Bruce Munson was not present the night of the fire, that she and her husband stopped at a grocery store on the way home, and that she fixed dinner before he went to bed. The fire investigator for the Dallas Fire Department, Chief Melton, testified without objection that both Marshall Smith and Pauline Smith appeared to him to be intoxicated when he interviewed them following his arrival at the scene of the fire.

As for the origin of the fire, Smith testified that upon arriving home he went to his bedroom to sleep while his wife slept on the couch in the living room. Some time later that evening, while Smith was sleeping, a fire started in the house. Chief Melton testified the fire was caused by the ignition of a flammable liquid poured on the carpet of the house. The liquid was initially poured in appellant's bedroom and then in a trail leading through the house and out the front door. A can of Coleman fuel was later discovered outside the house near the end of the trail. Chief Melton testified that the point of origin of the fire was in Mr. Smith's bedroom where the flammable liquid was initially poured.

The case was submitted to the jury with special issues on intentional conduct and negligence. The negligence special issue had a *res ipsa loquitur* and a circumstantial evidence instruction. The jury found negligent conduct but refused to find intentional conduct.

Appellant brings 26 points of error. Points 5, 8, 24, 25, and 26 relate to the trial court's submission of the *res ipsa loquitur* instruction. The doctrine of *res ipsa loqui-*

---

1. The defendant, Pauline Smith, has not appealed and thus the trial court's judgment as to her is final.

*tur* is applicable when two factors are present: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant. *Harmon v. Sohio Pipeline Co.*, 623 S.W.2d 314 (Tex.1981); *Mobil Chem. Co. v. Bell*, 517 S.W.2d 245 (Tex.1974).

■ Appellant contends that there is no evidence that he had control over the instrumentality, the flammable liquid, at the time the negligence occurred. We agree. All the evidence relating to the Coleman fuel indicates that the fuel was kept outside the house. Marshall Smith testified that the fuel was usually kept outside in a little storage room. Pauline Smith in her deposition testified that on the night of the fire she last saw the can of Coleman fuel on the patio, right outside the kitchen. It is undisputed that after the fire the can of Coleman fuel was found outside of the house on the front lawn.

Speaking of the control element of *res ipsa*, the Supreme Court stated:

> The control requirement is not a rigid rule that the instrumentality must have always been in the defendant's possession or even that it must have been in defendant's control at the time of injury. . . . It is sufficient if the defendant was in control at the time that the negligence inferable from the first factor probably occurred, so that the reasonable probabilities point to the defendant and support a reasonable inference that he was the negligent party. *Mobil*, at 251.

In the instant case there is no evidence that Mr. Smith ever had control of the Coleman fuel. The only evidence relating to Smith is the fact that the fuel was poured on his carpet. Control of the residence is not probative evidence of control of the offending instrumentality. *Oliver v. Hutson*, 596 S.W.2d 628, 632 (Tex.Civ.App. —Amarillo 1980, no writ).

Plaintiff contends that the instrumentality for *res ipsa* purposes is the bedroom carpet upon which the flammable liquid was poured. We find no merit in this contention.

The instrumentality in a *res ipsa* case is the thing that *causes the fire*. *Hodges Tire Company v. Kemp*, 334 S.W.2d 627, 629 (Tex.Civ.App.—Fort Worth 1960, no writ); 8 A.L.R.3d *Res Ipsa Loquitur*—Fires § 10 (1966). In *Oliver v. Hudson*, a fire started when a cigarette fell on a vinyl chair in a house owned by Mrs. Oliver and occupied by the Hudsons as tenants. The court in that instance concluded that the instrumentality was the cigarette.

Since the appellant did not have control over the instrumentality, the doctrine of *res ipsa loquitur* did not apply, *Beakley v. Houston Oil and Minerals Corp.*, 600 S.W.2d 396 (Tex.Civ.App.—Eastland 1980, no writ). Appellant's point of error is sustained and as a result the judgment is reversed. Having reached this conclusion we find it unnecessary to reach appellant's other points of error complaining of the submission of the *res ipsa loquitur* instrument with a circumstantial evidence instruction.

■ Appellant's point of error 7 contends the trial court erred in submitting the negligence issue in global form. The special issue read: "Do you find from a preponderance of the evidence that the fire on the occasion in question was due to the negligence of either or both of the defendants."

The Texas Supreme Court has repeatedly stated that in a negligence case, the issue may be broadly stated in terms of negligence without breaking into specific inquiries. See *Burk Royalty Co. v. Walls*, 616 S.W.2d 911 (Tex.1981); *Siebenlist v. Harville*, 596 S.W.2d 113 (Tex.1980). Appellant's point of error is overruled.

Appellant's points of error 1, 2, 6, and 10 contend there is no evidence to support the jury's finding as to negligence and proximate cause. Having concluded that the *res ipsa loquitur* instruction was incorrectly submitted to the jury, we do not reach these points of error.

■ Appellant also brings forth several points of error complaining that there was

insufficient evidence to support a jury finding as to negligence and proximate cause. After a review of the record as a whole, we have concluded that these points are without merit and they are overruled. We do not reach the rest of appellant's points of error relating to testimony concerning damages and insurance.

For the reasons stated the judgment of the trial court is reversed and the cause remanded.